## HIRAM D. WILMARTH, ADMINISTRATOR, ETC., v. ALFRED REED.

*Executors and administrators—Possession of real estate—Summary proceedings.*

By his will a father devised his real estate to eight of his nine heirs, and bequeathed to the ninth heir his personal property. At the time of the father's death *this* heir was in possession of a portion of the real estate under a lease from his father, which was to terminate at his death. The heir admitted his liability to pay the rent to the administrator, who allowed him to remain in possession upon his executing an agreement authorizing the administrator to withhold from his share of the estate, on final distribution, the rent due and to become due, which share was declared to be security for such rent. Pending an appeal from the disallowance of the will, an order was made by the probate court for the delivery of the real estate to the heirs, from which order the *one* heir appealed for the reason that the personal property was insufficient, as claimed, to pay the debts and expenses of administration, and that it was necessary for the administrator to retain possession of the real estate and apply the rents and profits towards such payment.

The share of the heir in the personal property, if the will was disallowed, was insufficient to pay the rent, but the rent was not required for the payment of debts and expenses of administration. On the failure of the heir to pay the rent, the administrator instituted summary proceedings to recover possession, and in affirming a judgment in his favor the Court distinguished this case from *Rough v. Womer*, 76 Mich. 381, and hold that the circumstances detailed in the findings (the substance of which are above stated) show that a necessity exists for the administrator to take possession of the real estate for his own protection, whatever may be the outcome of the proceedings to probate the will, for the purpose of collecting the rents and profits with a view to pass them over to the executor if one is appointed, or to a just and fair distribution of the estate if such appointment is not made.

Error to Wayne. (Reilly, J.) Argued October 24, 1890. Decided October 31, 1890.

Summary proceedings to obtain the possession of land. Defendant brings error. Affirmed. The facts are stated in the opinion.

*J. J. Speed* (*Wisner, Speed & Harvey,* of counsel), for appellant.

*Gray & Gray,* for plaintiff.

CHAMPLIN, C. J. Complaint was made before a circuit court commissioner for the county of Wayne by Hiram D. Wilmarth, as administrator of the estate of Jesse W. Reed, deceased, against Alfred Reed, to obtain possession of certain real estate. A trial was had before the commissioner, which resulted in a judgment for complainant. Defendant appealed, and the cause was tried before Circuit Judge Hon. C. J. Reilly, who made the following written findings of fact and law, viz:

"I find that the defendant went into possession of the premises known by the street numbers as Nos. 266, 268, 270, 272, 274, and 276 Grand River avenue, and also as lots 7, 8, and 9, Reed's block, being the premises in dispute, under a lease made to him by his

father, Jesse W. Reed, through his guardian, John C. Goodrich, duly appointed by the probate court of Wayne county, dated October 30, 1886, for five years, to terminate, however, in case the father died before the expiration of the lease; that the father died May 10, 1889; that defendant has continued to occupy said premises by virtue of the possession given under said lease.

"That the complainant in this case was appointed administrator of the estate of Jesse W. Reed, deceased, July 18, 1889; that prior to October 5, 1889, complainant and defendant had several conversations about the rent, at all of which defendant promised to pay the rent to complainant, and never disputed his liability therefor. On October 5, 1889, complainant and defendant had an interview in regard to the rent, and defendant admitted his liability for the rent of the premises to complainant, and executed the following agreement to complainant to secure the payment of rent due and to become due:

"'Whereas, Alfred Reed is occupant of the premises known by the street numbers as Nos. 266, 268, 270, 272, 274, and 276 Grand River avenue, and also known as lots 7, 8, and 9, in Reed's block, under a lease from John C. Goodrich, guardian of Jesse W. Reed; and whereas, he desires to secure the rent due and to become due to Hiram D. Wilmarth, administrator of the estate of Jesse W. Reed, for said premises under said lease:

"'Now it is agreed between said Alfred Reed and said administrator that the said administrator may withhold, on distribution of the estate of said Jesse W. Reed, any rent due or to become due which may then remain unpaid, and the said share is hereby declared to be security for the payment of said rent; and the said Alfred Reed now states that he is the owner of said share as one of the heirs of said Jesse W. Reed.          ALFRED REED.

"'In presence of
"'J. J. SPEED,
"'JAY FULLER.
"'Dated Detroit, October 5, 1889.

"'STATE OF MICHIGAN,⎞
"'County of Wayne,   ⎠ ss.

"'On this fifth day of October, A. D. 1889, personally appeared Alfred Reed before me, a notary public for said county, known to me to be the same person who subscribed the foregoing instrument, and acknowledged that he executed the same for the uses and purposes therein mentioned.

"'ANNA R. KENNEDY,
"'Notary Public, Wayne County, Mich.'

"That Jesse W. Reed in his life-time made a will devising his property, and that from the disallowance of the will by the probate court an appeal has been taken to this court, which is still pending; that until the disposition of this appeal it is impossible for the administrator to divide the personal estate, or to determine to whom the real and personal property goes.

"That the complainant, as the administrator, has in his hands belonging to the estate of Jesse W. Reed, father of defendant, be-

tween $12,000 and $13,000 of personal property over and above the amount needed for the payment of debts and expenses of administration up to the present time, and that the real estate left by said Jesse W. Reed, and remaining to be divided among the heirs, is valued at $55,000; that the share of defendant in the personal estate of his father, Jesse W. Reed, is insufficient security for the payment of the rent of the premises occupied by him; that the amount of the said rent was not required or necessary for the payment of any debts of said Jesse W. Reed, nor for payment of expenses of administration of his estate.

"That Jesse W. Reed left nine heirs at law, of whom the defendant is one; that, by the terms of the instrument offered as the last will and testament of Jesse W. Reed, no part of said premises would pass to defendant, but defendant would take all of the personal estate; that defendant has appealed from an order of the probate court (made since the judgment of the circuit court commissioner) delivering over the real estate of said Jesse W. Reed to the heirs and devisees; that the following is a copy of his claim for appeal:

"'IN THE PROBATE COURT FOR WAYNE COUNTY:

"'*In the Matter of the Estate of Jesse W. Reed, Deceased:*

"'To EDGAR O. DURFEE, ESQ.,

"'Judge of Probate for County of Wayne: '

"'Please to take notice that the undersigned, Alfred Reed, one of the heirs at law of the said deceased, being aggrieved by the decree of said judge of probate made on the 25th day of February, A. D. 1890, in the matter of the estate aforesaid, by which the real estate was directed to be delivered over to the heirs and devisees of said deceased, as appears by the record thereto in the office of the judge of probate, hereby claims an appeal therefrom to the circuit court for the county of Wayne, for the following reasons, that is to say:

"'1. That it is necessary that the administrator should retain possession of the real estate, and receive the rents of the same, for the purpose of paying the debts of deceased and expenses of administration.

"'2. Because there is not sufficient personal property to pay the debts and expenses of administration, and it is necessary to appropriate the rents and profits of the real estate, or proceeds of sale of some parts thereof, to the payment of debts, and the expenses of administration.

"'3. Because it was improper to make said order until the commissioners on claims had reported.

"'ALFRED REED,

"'By J. J. Speed, his attorney.

"'Dated this 27th day of February, 1890.'

"I find further that at the time proceedings were begun before the circuit court commissioner there was rent past due and unpaid, and none of it has since been paid.

"I find further that written notice to surrender possession in

default of payment of the rent past due was duly served upon defendant more than seven days before commencement of proceedings before the commissioner, as required by statute, and that all proceedings for the purpose of obtaining possession by complainant of the premises in dispute were regular, and that the rent due from defendant to April 1, 1890, is $960.

"From the foregoing finding of facts, I find as a conclusion of law that the complainant is entitled to a judgment for restitution of the premises."

But one error is assigned, and that is that the findings of fact do not support the judgment, and consequently it ought to have been rendered in favor of the defendant. It will be noticed that by the agreement signed by Alfred Reed, by which he was permitted to continue in the occupation of the premises under the lease, and the administrator might withhold on the distribution of the estate of Jesse W. Reed any rent due or to become due, to be by the administrator applied on the distributive share of Alfred Reed, Alfred Reed only pledges such distributive share as security for the payment of said rent which he may be entitled to as owner, as one of the heirs of said Jesse W. Reed, so that if the will which is now being tested should be admitted to probate Alfred Reed will have no distributive share as heir of the estate. But it is said if such will should be established Alfred Reed would be entitled to all of the personal property, and it is admitted that there is now in the hands of the administrator some $12,000 or $13,000 of such personal property over and above the amount needed for the debts and expenses of administration up to the time the case was tried in the circuit court. There is nothing, however, to prevent Alfred Reed from conveying the legacy given to him by the will to some third party, in which case the administrator would be without any security whatever, and, as the rents inure to the benefit of the heirs of the real estate, the administrator might be held responsi-

ble to the heirs for his neglect to collect such rents. On the other hand, it is found as a fact that the share of the defendant in the personal estate of his father, Jesse W. Reed, is insufficient security for the payment of the rents of the premises occupied by him.

We held in the case 'of *Rough v. Womer*, 76 Mich. 381,—

"That, while the executor has the right to the possession, that right is given in contemplation that it may become necessary to exercise it in the settlement of the estate for the purpose of the payment of. claims against the estate. Hence it is that the duty of the executor is not made imperative to exercise the right in all cases, but is only permissible when the necessity arises for its exercise, and until such occasion does arise the heir or devisee, who has entered upon the enjoyment of his property and estate, ought not to be and cannot be lawfully disturbed. In other words, the right is given to the executor, and only accompanies the necessity for its exercise."

But it will be noticed that there is a plain distinction between that case and this. In that case, the person in possession claimed under a will which devised the farm, which was the homestead of the deceased, to him. In this case, if the will should stand, the defendant would have no interest whatever in the real estate; and, if it is not admitted to probate as a valid will, then the defendant would be entitled to a distributive share of one-ninth of the real estate as well as of the personal property.

Moreover, the circumstances detailed in the findings show that necessity does exist for the administrator to take possession of the real estate of the deceased for his own protection, whatever may be the outcome of the proceedings to probate the will, and hence, in accordance with the views expressed in the case of *Rough v. Womer*, it would be the duty of the administrator to.

83 MICH—4.

exercise the right which the statute gives him to obtain possession of the property for the purpose of collecting the rents and profits with a view either to pass them over to the executor, if one is appointed, or to a just and fair distribution of the estate if an executor is not appointed.

We think the facts found support the judgment in this case, and it is therefore affirmed.

MORSE, CAHILL, and GRANT, JJ., concurred. LONG, J., did not sit.