GRAY v. ELDRED.

144    23|
,d154 ¹114|

1. EQUITY—CHANCERY PRACTICE—ANSWER—DEMURRER—TRIAL.
   When defendants in a chancery suit have answered and inserted in their answer the usual demurrer clause denying that plaintiff is entitled to any part of the relief demanded, etc., and replications have been filed, the case must go to a hearing on the issues joined, and to final decree; it being improper for the court to determine the legal questions so raised prior to the hearing on the proofs.

2. APPEAL AND ERROR—CHANCERY APPEAL—INTERLOCUTORY DECREE.
   Where, in a chancery suit, the legal questions, raised by the usual demurrer clause contained in the answer, to which replications were filed, are considered and passed upon by the trial

court before a hearing on the proofs, followed by an appeal from the order entered, the order will be set aside and the case remanded for hearing upon proofs.

Appeal from Isabella; Dodds, J. Submitted February 16, 1906. (Docket No. 188.) Decided April 30, 1906.

Bill by Thomas Gray, supervisor, and John Dunn, highway commissioner, of Isabella township, against Sherman D. Eldred, county drain commissioner, and the Joliet Bridge & Iron Company to enjoin the closing of a contract for the purchase of certain bridges. From an order overruling certain legal objections to complainants' right to maintain the bill raised by the answers and determined before proofs were taken, defendants appeal. Order set aside and case remanded for hearing upon proofs.

The complainants, Gray, as supervisor, and Dunn, as highway commissioner, of the township of Isabella, on July 3, 1904, filed a bill of complaint for and in behalf of said township against the defendant Eldred alone, as county drain commissioner, to restrain said commissioner from proceeding to close a contract with the Joliet Bridge & Iron Company for the erection of nine bridges and two tubes, in the public highways of said township over which a ditch was laid out, and to direct said drain commissioner to relet said work at public sale. An answer was duly filed denying all the material allegations of the bill. Subsequently the bill was amended by making the Joliet Bridge & Iron Company a party defendant, and by an allegation in the bill that the complainants Gray and Dunn filed the amended bill in their own behalf as individuals, as they had property in said township liable to assessment for benefits, and also for and in behalf of said township. To the amended bill the defendants filed answers denying all its material allegations. The answers contained the usual demurrer clause, denying "that complainant is entitled to the relief or any part thereof, * * * and prays the same advantage of this answer as if it had

pleaded or demurred to said bill of complaint." The case being at issue, due notice was given of the hearing and of taking proofs in open court. Some proofs were taken on the day set for the hearing. Upon the statement of counsel for the defendants that he intended to raise questions of law going to complainants' right to maintain the bill, it was agreed that these questions should be argued before taking further testimony. The principal legal questions raised were: (1) That the complainants as individuals could not maintain the suit; (2) that the township could not maintain the suit. The judge overruled these claims, and entered a decree overruling the supposed demurrer, from which the defendants have appealed.

*F. McNamara* and *F. H. Dodds*, for complainants.

*I. A. Fancher*, for defendant Eldred.

*James H. Davitt*, for defendant Joliet Bridge & Iron Co.

GRANT, J. (*after stating the facts*). No such practice is known to the courts of this State. When defendants in a chancery suit have answered, and in their answer have inserted the usual demurrer clause, and replications have been filed, the case must go to a hearing upon the issues joined and a final decree rendered. It is neither proper nor good practice to permit parties to then take advantage of a demurrer and bring the case into this court by piecemeal. The result would be two trials, and possibly two appeals to this court to determine the issues, and great delay. We cannot sanction such a practice, even at the request of the parties litigant.

Without determining the questions raised, the order of the court will be set aside, and the case remanded for hearing upon proofs, should the parties desire to introduce any. No costs will be allowed.

MCALVAY, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.