UNION TRUST CO. *v.* KIRCHBERG.

1. EQUITY—PRACTICE—HEARING.

While the court will affirm the action of the trial court in dismissing a bill of complaint brought by a party that has no legal interest in the subject-matter, although the testimony was not all taken in the case, the proper practice is to determine suits in which issues of fact are raised upon all the testimony, and the appeal should bring up the whole record.

2. EXECUTORS AND ADMINISTRATORS —PARTIES —FRAUD —SPECIAL ADMINISTRATOR—AUTHORITY.

The powers of a special administrator conferred by statute do not include the right to recover by suit in equity title to real property held by third persons under a conveyance alleged to have been fraudulently procured from deceased, if decedent left heirs or devisees. 3 Comp. Laws, §§ 9326-9330, Act No. 241, Pub. Acts 1905 (4 How. Stat. [2d Ed.] § 11042 *et seq.*).

Appeal from Wayne; Mandell, J. Submitted October 11, 1912. (Docket No. 44.) Decided March 20, 1913.

Bill by the Union Trust Company, special administrator of the estate of Christian Kirchberg, deceased, against William M. Kirchberg and others to set aside certain conveyances. From a decree dismissing the bill of complaint, complainant appeals. Affirmed.

*Frederic T. Harward*, for complainant.

*Oscar E. Angstman* (*Alfred Lucking*, of counsel), for defendants Kirchberg.

Pending proceedings to determine whether Christian Kirchberg, deceased, died testate or intestate, complainant was appointed special administrator of the estate. It was also the executor nominated in the instrument proposed as a last will. As special administrator it filed a bill of complaint in the circuit court, in chancery, the purpose of which is to have canceled and declared void a cer-

tain conveyance of real estate which it is charged was fraudulently obtained from said Christian Kirchberg in his lifetime, in which conveyance said Christian Kirchberg was the grantor, and defendant William M. Kirchberg the grantee. The same property is devised in the instrument proposed and presented for probate as the last will and testament of Christian Kirchberg to said William M. Kirchberg for his life, and to his wife for her life, if she survives her husband, with remainder (1) to the lawful issue of the body of William M. Kirchberg, and, issue failing, then (2) to a designated charitable institution. It is a prayer of the bill that said William M. Kirchberg and his wife may be decreed to release and convey to complainant all right, title, and interest in the said real estate excepting as heirs at law or devisees of said Christian Kirchberg. It is charged in the bill that Millie K. Wagner, a daughter of the deceased, claims title to two of the parcels of real estate described in said aforementioned deed and in said will by virtue of a conveyance made to her by her father and his wife, and that no provision was made for her in the will of her father because said parcels had been so conveyed to her; that there is now no lawful issue of the body of William M. Kirchberg living. Leave was given to file a supplemental bill, from which, when filed, it appeared that since the commencement of the suit this court had by its decree determined that Millie K. Wagner is owner in fee of said two parcels of real estate, and in consequence complainant disclaimed any interest in said parcels and dismissed its bill as to said Millie K. Wagner. It is not charged that the deceased has creditors, but is charged—

"That, should it be unnecessary to resort to the premises hereinbefore described for the payment of debts and expenses of administration, said William M. Kirchberg would, under the last will and testament of said deceased, be entitled to possession of said premises; that he is now in possession, but claims his right to such possession under said pretended deed," etc.

Each defendant answered, the cause was put at issue, and, in open court, the solicitor for complainant made what is called in the record an opening statement, and the solicitor for the defendants Kirchberg likewise made a statement, both accompanied by colloquy between counsel and the court.    Upon a day to which the hearing was adjourned, a copy of the will of Christian Kirchberg and a copy of the deed in question were offered and received in evidence, and it was admitted that Christian Kirchberg died April 17, 1911, leaving what purports to be a last will and testament which was proposed for probate and contested, and that the deed to William M. Kirchberg was filed for record May 26, 1911.    A witness, one of the persons who witnessed the will, was sworn and testified that deceased owed nothing to speak of.    No other testimony was taken.    Counsel for defendants Kirchberg then moved the court upon the authority of *Pratt* v. *Millard*, 154 Mich. 112 (117 N. W. 552), to dismiss the bill without further taking of proofs.    A decree was entered April 24, 1912, dismissing the bill, and it is recited therein that complainant has no interest in the subject-matter for which the suit is brought and is not a proper party to bring the same.    Complainant has appealed, and in its brief advances the following propositions:

"(1) The special administrator being the only possible party who could at this time bring this suit, a court of equity will recognize the necessity of the case, and, to prevent fraud and irreparable damage, permit this action to be brought in the name of the Union Trust Company as special administrator.

"(2) Defendants should have demurred to the bill."

OSTRANDER, J. (*after stating the facts*).    The second of the propositions stated ought to be first considered.    It amounts to this:    That the court prematurely made a decree and should have proceeded to hear the testimony and thereafter determine the issues and make and enter a decree.    In *Pratt* v. *Millard*, there was an appeal to this court from a decree dismissing a bill of complaint; the de-

cree going upon the ground that the complainant in the case had no interest whatever in the matter in issue. It appeared beyond question that the complainant, who was appellant, had no interest in the subject-matter and no right or authority to institute or conduct the suit. There was in the answer the usual general demurrer clause, and the court below permitted it to be urged upon the hearing before the testimony was taken. This court was presented the alternatives of remanding the record with directions to take the testimony offered—a proceeding which would have entailed expense without possible benefit to any one and with a legal result already accomplished—and of affirming the decree of the court below and ending the litigation. It chose the latter alternative and affirmed the decree. It was advised of the former ruling in *Gray* v. *Eldred*, 144 Mich. 23 (107 N. W. 719), and pointed out the distinction in the cases and made plain the reasons for each decision.

The decision in *Pratt* v. *Millard* was not intended to be an invitation to trial courts to determine suits in chancery in which issues of fact have been joined upon questions raised in the course of the trial. It is still the rule that they shall be determined upon the testimony offered by the parties and that appeals from decrees shall bring up the whole record.

It is said, however, that in the case before us, as in *Pratt* v. *Millard*, it conclusively appears that complainant has no interest in the subject-matter and no authority to inquire into the conduct of defendants in the premises; that the court below has made a decree which must inevitably be the decree after all the testimony has been taken and considered. It is the contention of complainant that it is the proper party to begin this suit—

"And the only party who at this time could bring this suit, and that it was necessary at this time to file a *lis pendens* and commence action, and give notice to the world that the deed was questioned, as otherwise William M. Kirchberg, having the record title, during all the time

the contest was being waged over the will, and it has now been over a year, might dispose of the property to a bona fide purchaser for value, and the damage wrought be beyond redemption."

The statute, 3 Comp. Laws, §§ 9326–9330, as amended by Act No. 241, Pub. Acts 1905 (4 How. Stat. [2d Ed.] § 11042 *et seq.*), provides for the appointment of, and, in a general way, defines the duties and the powers of a special administrator. The powers of a special administrator cease whenever letters testamentary, or of administration, are granted. His statute powers, meanwhile, are, generally, to collect all the goods and chattels and debts of the deceased and preserve the same for the executor or administrator, who may afterwards be appointed. In the section providing for his appointment (9326), the purpose for which he may be appointed is stated to be "to act in collecting and taking charge of the estate of the deceased until an executor or administrator shall be appointed." The condition of the bond required of a special administrator is further indicative of the special and limited nature of his powers and duties. The powers of an administrator and the statutory powers of an executor are more extensive than are those of a special administrator. Among them is the power conferred by section 9363, which is that when there shall be a deficiency of assets in the hands of an executor or administrator, and when the deceased shall, in his lifetime, have conveyed any real estate with intent to defraud his creditors, the executor or administrator may commence and prosecute to final judgment any proper action or suit for the recovery of the same and may recover, for the benefit of the creditors, all such real estate so fraudulently conveyed. In general terms, an executor and administrator are given the right (section 9354) to the possession of all real estate of the deceased, but it is a right to be exercised for the purposes and during the period of the settlement of the estate. Subject to the rights of creditors, the title to real estate passes to the heirs or devisees, in the one case upon the

death of the owner, in the other upon the probating of the will.  The present action is not brought under the authority of section 9363 to recover lands fraudulently disposed of by the decedent in his lifetime, and the foregoing observations are addressed to the subject of the limited nature of complainant's powers.  It is brought to recover for the heirs or devisees, as the case may be, lands, the apparent title to which is alleged to have been procured from the decedent by fraud practiced upon him—an action which he, if alive, might maintain to recover his lands, or to cancel the evidence of apparent title which defendant holds.  It is precisely such an action as *Pratt* v. *Millard*, *supra*.  We have examined with care the reasons given by complainant's counsel for distinguishing the cases.  None of them seems to us to be sound.  It is pointed out that in that case there were heirs capable of maintaining the action.  But the decision goes, not upon the fact that there were heirs, but upon the ground of the right of the heirs and absence of the right of the special administrator to maintain the suit.  We have examined the cases to which we are referred, and others, especially *Wilmarth* v. *Reed*, 83 Mich. 44 (46 N. W. 1031), which is said to resemble the one at bar in many respects.  It seems to us to be wholly dissimilar.  Looking at all provisions of the statute, we are obliged to say that it cannot be construed as giving to a special administrator a right to maintain an action to recover real estate, or the title thereto, alleged to be held by a third person against the right of the deceased and his heirs or devisees.  It may be observed, further, that there are heirs of Christian Kirchberg; perhaps there are devisees.

Under the circumstances, we do not feel required to reverse the decree of the court below.  It will stand affirmed, without costs to either party.

STEERE, C. J., and MOORE, McALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.