McLAULIN *v.* WAYNE CIRCUIT JUDGE.

1. EXECUTORS AND ADMINISTRATORS — SPECIAL ADMINISTRATOR — ACTIONS—REVIVAL.

A special administrator of the estate of a decedent can neither maintain actions to recover the possession of lands nor defend suits brought to divest the estate of title.

2. ABATEMENT AND REVIVAL—ESTATES OF DECEDENTS—EQUITY.

Accordingly it is not erroneous to refuse to •revive a suit in the name of a special administrator brought during the lifetime of the deceased to recover certain real property claimed by the deceased, and mandamus will not lie to require the circuit court to enforce such revival under 1 Comp. Laws, § 471 (4 How. Stat. [2d Ed.] § 11989).

Mandamus by Serena McLaulin against Henry A. Mandell, one of the circuit judges of Wayne county, to compel respondent to enter an order setting aside an order vacating the revival of a suit brought by relator against the decedent in his lifetime. Submitted January 6, 1914. (Calendar No. 25,774.) Writ denied March 28, 1914.

*Daniel M. McLaughlin, William H. Wetherbee,* and *Jasper C. Gates,* for relator.

*H. E. Spalding,* for respondent.

BROOKE, J. In August, 1912, relator filed her bill of complaint in the Wayne circuit court against one John D. McLaulin, her husband, and others. In this action she seeks to regain the title to certain real estate in Wayne county, a portion of which (at the time the bill was filed) was apparently owned by defendant John D. McLaulin. John D. McLaulin, being a resident of the city of Toronto, Canada, could not be personally served with process. After due publication of an order of appearance, however, and on

December 18, 1912, he appeared and caused an answer to be filed to complainant's bill of complaint. Eight days later (December 26, 1912) he died in said city of Toronto, leaving a last will, by the terms of which he bequeathed his entire estate to the Toronto Bible College of the city of Toronto. Relator is contesting the probate of the will. On February 25, 1913, relator petitioned for and secured the appointment of one of her sons (David McLaulin) as special administrator of the estate of her deceased husband, John D. McLaulin, and he (David) duly qualified as such special administrator in the probate court for Wayne county. On March 8, 1913, upon the application of relator, said chancery cause was by order of the Wayne circuit court in chancery revived against said David McLaulin, as special administrator of the estate of John D. McLaulin. On June 7, 1913, upon motion of Messrs. Walker & Spalding, acting as solicitors for the other defendants, respondent set aside the order of revivor of March 8, 1913. Respondent refused, upon application of relator, to set aside the last order, whereupon relator applied to this court for a writ of mandamus to compel such action.

Relator's application is based upon the provisions of 1 Comp. Laws, § 471 (4 How. Stat. [2d Ed.] § 11989):

"No bill of revivor, or supplemental bill in the nature of a bill of revivor, shall be necessary to revive a suit against the representatives of a deceased defendant, or other person or persons interested in the subject of such suit; but the court may, by order, direct the same to stand revived upon the petition of the complainant."

It is contended on behalf of respondent that the special administrator has no interest in the real estate of John D. McLaulin, and has therefore no authority to defend a suit involving the title to such real estate.

Section 9327, as amended by Act No. 241, Public Acts of 1905 (4 How. Stat. [2d Ed.] § 11043), provides:

"An administrator appointed according to the provisions of the preceding section shall collect all the goods, chattels and debts of the deceased, and preserve the same for the executor or administrator who may afterwards be appointed, and for that purpose may commence and maintain actions as an administrator, and may sell such perishable and other personal estate as the probate court may order to be sold. All personal actions, the cause of which does by law survive and which may be pending either for or against the intestate of such special administrator, may be proceeded with and be prosecuted by or against such special administrator, and the same proceedings taken as are provided by law relating to such actions in cases where an executor or general administrator has been appointed."

In a recent case (*Union Trust Co.* v. *Kirchberg*, 174 Mich. 161 [140 N. W. 464], we held, following the decision in *Pratt* v. *Millard*, 154 Mich. 112 (117 N. W. 552), that a special administrator, by reason of the limited character of his statutory powers, could not maintain a suit to recover possession of lands. In this case, as in that, the rights of creditors are not involved. The real estate of McLaulin upon his death, therefore, passed either to his heirs or his devisee, and in neither event has his special administrator any interest therein. If a special administrator may not maintain a suit to regain possession of real estate because of lack of interest therein, it would seem to follow, as a necessary corollary, that he is not clothed with power to defend such a suit.

The writ is denied.

McALVAY, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.