GUSTIN *v.* ALPENA CIRCUIT JUDGE.

1. APPEAL AND ERROR—EQUITY—INTERLOCUTORY APPEAL—MANDAMUS.
   On application for leave to appeal from denial of motion to dismiss bill to foreclose mortgage on real estate, after answer has been made and at close of plaintiff's proofs taken thereunder, and, in the alternative, on petition for writ of mandamus directing entry of formal order from which an interlocutory appeal might be taken, mandamus is denied as no interlocutory appeal is permissible from denial of motion to dismiss where defendants have answered and proofs have been taken (3 Comp. Laws 1929, § 15508).

2. SAME—LEAVE TO APPEAL—ULTIMATE REVIEW.
   Denial of leave to appeal from denial of motion to dismiss after answer and cross-bill and taking of proofs under bill does not foreclose defendants from ultimate review on appeal from decree entered.

   WIEST, C. J., and POTTER, J., dissenting.

Application for leave to appeal or writ of mandamus by Henry K. Gustin and others to compel Fred P. Smith, Alpena Circuit Judge, to enter a formal order dismissing a bill to foreclose a mortgage. Submitted April 12, 1938. (Calendar No. 39,965.) Leave to appeal and writ denied June 30, 1938. Rehearing denied October 3, 1938.

*Henry K. Gustin, Harold H. Emmons* and *Oscar Riopelle,* for plaintiffs.

*Dale Souter, Carl R. Henry* and *William F. Knapp,* for defendant.

BUSHNELL, J.    Continental National Bank, a body corporate, of Fort Worth, Texas, in its own right

and as trustee for William McGinley and Jean W. Taylor, filed a bill to foreclose two real estate mortgages on some 4,200 acres of land in Alpena county. Defendants named therein filed their answer and one of them, Henry K. Gustin, filed a cross-bill of complaint in which he named as cross-defendants some additional parties. Some depositions were taken prior to trial and soon thereafter defendant Gustin moved to dismiss plaintiff's bill of complaint, on the ground that it, together with the depositions, showed that plaintiff was not the proper party to bring suit. After hearing arguments on the motion, the trial judge ruled that the matter "should be tried with the other issues in the case, with the right of the defendant to renew his motion at the conclusion of plaintiff's case." All of the defendants joined in a renewal of the motion after plaintiff had presented its proofs, and rested their case without submitting any testimony in support of their answer. Thereafter the trial judge filed a written opinion in which he stated that: "The motions of the several defendants to dismiss the bill of complaint should be denied." However, no formal order denying the motions was ever entered by the trial court.

Relators, Gustin *et al.*, then filed an application for leave to appeal directly from the denial of their motion and, in the alternative, petitioned for a writ of mandamus directing the trial judge to enter a formal order from which an interlocutory appeal might be taken.

On this application we issued an order to show cause and the trial judge made his return thereto.

We are of the opinion that no interlocutory appeal from the circuit court's denial of the motion to dismiss the bill of complaint is permissible under the situation disclosed by this record, and, since the pros-

pect of such an appeal is apparently the only reason for the present petition, mandamus must be denied.

*Gray* v. *Eldred,* 144 Mich. 23, although not a mandamus case, is controlling. The facts in that case are as follows:

"The complainants, Gray, as supervisor, and Dunn, as highway commissioner, of the township of Isabella, on July 3, 1904, filed a bill of complaint for and in behalf of said township against the defendant Eldred alone, as county drain commissioner, to restrain said commissioner from proceeding to close a contract with the Joliet Bridge & Iron Company for the erection of nine bridges and two tubes, in the public highways of said township over which a ditch was laid out, and to direct said drain commissioner to relet said work at public sale. An answer was duly filed denying all the material allegations of the bill. Subsequently the bill was amended by making the Joliet Bridge & Iron Company a party defendant, and by an allegation in the bill that the complainants Gray and Dunn filed the amended bill in their own behalf as individuals, as they had property in said township liable to assessment for benefits, and also for and in behalf of said township. To the amended bill the defendants filed answers denying all its material allegations. The answers contained the usual demurrer clause, denying 'that complainant is entitled to the relief or any part thereof, * * * and prays the same advantage of this answer as if it had pleaded or demurred to said bill of complaint.' The case being at issue, due notice was given of the hearing and of taking proofs in open court. Some proofs were taken on the day set for the hearing. Upon the statement of counsel for the defendants that he intended to raise questions of law going to complainants' right to maintain the bill, it was agreed that these questions should be argued before taking further testimony. The principal legal ques-

tions raised were: (1) That the complainants as individuals could not maintain the suit; (2) that the township could not maintain the suit. The judge overruled these claims, and entered a decree overruling the supposed demurrer, from which the defendants have appealed."

The court in a unanimous opinion said:

"No such practice is known to the courts of this State. When defendants in a chancery suit have answered, and in their answer have inserted the usual demurrer clause, and replications have been filed, the case must go to a hearing upon the issues joined and a final decree rendered. It is neither proper nor good practice to permit parties to then take advantage of a demurrer and bring the case into this court by piecemeal. The result would be two trials, and possibly two appeals to this court to determine the issues, and great delay. We cannot sanction such a practice, even at the request of the parties litigant.

"Without determining the questions raised, the order of the court will be set aside, and the case remanded for hearing upon proofs, should the parties desire to introduce any. No costs will be allowed."

The situation disclosed by the instant record shows even greater need for refusal of piecemeal consideration of the case than was shown in *Gray* v. *Eldred, supra.*

Section 15508, 3 Comp. Laws 1929 (Stat. Ann. § 27.2608), provides:

"Any plaintiff or defendant, who may consider himself aggrieved by an order sustaining or overruling any motion to dismiss, based on jurisdictional grounds, or issues which under the former practice would have been raised by demurrer, plea to the jurisdiction or other dilatory plea, or by the decree or final order of the circuit court in chancery, in any cause, may appeal therefrom to the Supreme Court:

Provided, That when an appeal is taken from an order sustaining or overruling a motion to dismiss, the case shall, upon decision thereof by the Supreme Court, be remanded to the circuit court in chancery, and the plaintiff may amend his bill of complaint or the defendant may file his answer, as the case may be, within such time as the Supreme Court may prescribe, and the cause shall then be disposed of as though no appeal had been taken.''

This statute was not enacted until after the decision in the *Gray Case, supra,* but there was then in effect 1 Comp. Laws 1897, § 549, which read:

''Any complainant or defendant who may think himself aggrieved by the order overruling a general demurrer, or by the decree or final order of a circuit court in chancery in any cause, may appeal therefrom to the Supreme Court. When the Supreme Court decides the appeal taken from an order overruling a demurrer, the case shall be remanded to the circuit court in chancery, and the complainant may amend his bill, or the defendant may file his answer, as the case may be.''

While 1 Comp. Laws 1897, § 549 was not mentioned in the *Gray Opinion,* we believe the court's holding was a correct interpretation of the statute then in force. A comparison of its provisions with 3 Comp. Laws 1929, § 15508 shows a similarity in their language requiring a similar interpretation of the present statute.

Under section 15508 interlocutory appeals may be allowed parties from orders in chancery cases granting or denying motions to dismiss made before the filing of answers. But the language of the statute is not broad enough to permit interlocutory appeals after answer is made and proofs taken. This is particularly evident from the wording of the proviso portion of the present statute.

Defendants have not lost any of their rights because the questions raised by their motion may be reviewed on appeal from the decree. *Malooly* v. *York Heating & Ventilating Corp.*, 270 Mich. 240.

The writ is denied, with costs to respondent.

BUTZEL, SHARPE, CHANDLER, NORTH, and MCALLISTER, JJ., concurred with BUSHNELL, J.

POTTER, J. (*dissenting*). This case was heard. Both parties rested. Defendants (plaintiffs here) had filed a motion to dismiss the bill of complaint and elected to stand thereon without putting in any testimony. This they had a right to do. It was the duty of the court either to dismiss the bill of complaint or enter a decree. He refused to dismiss the bill of complaint and has not rendered a final decree. This should be done that defendants may exercise their right of appeal.

WIEST, C. J., concurred with POTTER, J.