KONKE *v.* POLCZYNSKI.

1. EXECUTORS AND ADMINISTRATORS—SPECIAL ADMINISTRATRIX—PARTIES—DEEDS—UNDUE INFLUENCE.

   While a special administratrix is not empowered to file a bill to set aside the deed of her decedent on the ground it was procured by undue influence, where she is also an heir at law she may join other heirs at law in a suit for such purpose (3 Comp. Laws 1929, § 15588).

2. Deeds—Undue Influence—Evidence—Previous Will.

    Fact that an aged man had expressed his intention to leave the property to all his children and executed a will to such effect did not prevent change of purpose on his part or, standing alone, prove that subsequent deed of his property, consisting of his home, to one of his children and her husband was by reason of undue influence exercised by the grantees.

3. Same—Undue Influence—Evidence—Life Use—Taxes—Repairs—Value.

    In suit against daughter and son-in-law of deceased grantor to set aside deed to them, which had been executed by him when he was 75 years of age and which reserved his right to occupy premises during his lifetime and obligated grantees to pay a small mortgage, unpaid taxes and special assessments on the premises, evidence showing deceased occupied the place until his death upwards of five years thereafter, that the grantees paid $975.19 in taxes and $452.84 in repairs, and that the place was worth about $3,000 at the time of the hearing but failing to show incompetency to execute deed or condition in which he was susceptible to undue influence *held*, insufficient to establish that deed was obtained by undue influence.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 10, 1941. (Docket No. 32, Calendar No. 41,443.) Decided December 2, 1941.

Bill by Clara Konke, special administratrix of the estate of Adam Ficht, deceased, and others against Joseph and Anna Polczynski, to set aside a deed. Bill dismissed. Plaintiffs appeal. Affirmed.

*William Kaufman* (*Samuel H. Rubin,* of counsel) for plaintiffs.

*Victor Kulaski,* for defendants.

Wiest, J. This is a suit in equity by the special administratrix of the estate of Adam Ficht, deceased, and his heirs at law to set aside a deed to defendants on the ground it was procured by undue influence.

Such a bill cannot be filed by a special administratrix, *Union Trust Co.* v. *Kirchberg,* 174 Mich. 161,* but, inasmuch as, in this instance, the special administratrix is also an heir at law of the deceased, she may join as an heir at law with the other plaintiffs.

Plaintiffs appeal from a decree dismissing their bill.

May 8, 1934, Adam Ficht, father of plaintiffs and defendant Anna Polczynski, then 75 years of age and a widower, by warranty deed, conveyed his modest home in the city of Hamtramck to defendants, his daughter and her husband, reserving the right to occupy the premises during his lifetime. Under the terms of the deed the grantees assumed and agreed to pay a small mortgage on the premises, as well as unpaid taxes and special assessments. This deed was recorded May 10, 1934. Mr. Ficht died, intestate, July 23, 1939, at the age of 80 years.

The bill alleged that Mr. Ficht was aged, weak, illiterate, had made a previous will, leaving the property to his children, and that the deed was the result of undue influence.

The record has been read and fails to establish undue influence. The fact that the deceased had previously expressed his intention to leave the property to all his children and executed a will to such effect did not prevent change of purpose on his part or, standing alone, prove his subsequent action was by reason of undue influence exercised by defendants.

The day the deed was executed he went with his son-in-law, defendant Joseph Polczynski, to the office of an insurance agent and notary public, who had prepared his previous will and talked his language, explained what he wanted to do and the deed was prepared, fully explained to him, and he

---

* See 3 Comp. Laws 1929, § 15588 (Stat. Ann. § 27.2704).—Reporter.

was informed that it supplanted the previous will. After execution of the deed the grantor and his daughter, Emilia Guminski, occupied the premises until his death. After receiving the deed in 1934, the grantees paid $975.19, in taxes, and expended $452.84 in repairs. At the time of the hearing the premises had a value of about $3,000.

In 1928 Mr. Ficht fell down stairs and injured his head, but there was no showing that such injury rendered him incompetent to execute the deed or made him susceptible to undue influence.

The evidence fails to establish the charge that the deed was obtained by undue influence.

The decree is affirmed, with costs to defendants.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, STARR, and BUTZEL, JJ., concurred.