# Syllabus

Chief Justice:
Elizabeth T. Clement

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

PEOPLE v SCOTT

Docket No. 164790. Argued on application for leave to appeal January 10, 2024. Decided June 3, 2024.

Ronald Scott was arrested and charged with various crimes in 2012. After a jury trial in the Macomb Circuit Court, he was convicted of two counts of first-degree criminal sexual conduct, MCL 750.520b(1)(e), and acquitted of one count each of armed robbery, MCL 750.529; possession of a firearm during the commission of a felony, MCL 750.227b; and being a felon in possession of a firearm, MCL 750.224f. Before trial, the prosecution moved to admit certain other-acts evidence, but the trial court ruled that the evidence was inadmissible. The prosecution filed an interlocutory application for leave to appeal in the Court of Appeals, and after granting the application, the Court of Appeals reversed and remanded the case in an unpublished per curiam opinion issued September 20, 2016 (Docket No. 331512) (*Scott I*). Defendant sought leave to appeal in the Supreme Court. Defendant's jury trial began on November 15, 2016, while his application for leave to appeal was still pending, and the other-acts evidence that was the subject of that application was admitted at trial. The jury rendered its verdict, and the trial court, Edward A. Servitto, J., sentenced defendant on January 18, 2017. On January 31, 2017, the Supreme Court denied defendant's application for leave to appeal. 500 Mich 935 (2017). Defendant appealed by right his convictions and sentences, and in an unpublished per curiam opinion issued January 24, 2019 (*Scott II*), the Court of Appeals vacated defendant's convictions and sentences and remanded the case for a new trial on the ground that the trial court had lacked subject-matter jurisdiction to conduct defendant's trial under *People v Washington*, 321 Mich App 276 (2017) (*Washington I*), which the Supreme Court later vacated and remanded to the Court of Appeals for reconsideration, 503 Mich 1030 (2019). The Supreme Court also vacated the Court of Appeals opinion in this case and remanded this matter to be held in abeyance and reconsidered after *Washington I* was decided on remand. 504 Mich 939 (2019). On remand, the Court of Appeals held in *Washington* that resentencing a defendant whose application for leave was pending was not a structural error occasioned by a lack of subject-matter jurisdiction but rather a procedural error that was rendered harmless by the lack of any objection. *People v Washington (On Remand)*, 329 Mich App 604 (2019) (*Washington II*), rev'd 508 Mich 107 (2021) (*Washington III*). Then, on reconsideration of defendant's appeal in this case, the Court of Appeals, in an unpublished per curiam opinion issued January 30, 2020 (Docket No. 336815) (*Scott III*), concluded that under *Washington II*, the trial court had subject-matter jurisdiction at defendant's trial and affirmed defendant's convictions but remanded the case for resentencing. Defendant sought leave to appeal in the Supreme Court,

and while defendant's application was pending, the Supreme Court reversed *Washington II* in *Washington III*. On May 6, 2022, the Supreme Court vacated the Court of Appeals' January 30, 2020 opinion in this case and remanded the matter to the Court of Appeals for reconsideration in light of *Washington III*. 509 Mich 978 (2022). On remand, the Court of Appeals, BOONSTRA, P.J., and SAWYER and MARKEY, JJ., reversed defendant's convictions, holding that because there was no meaningful difference between this case and *Washington III*, the trial court lacked subject-matter jurisdiction to try defendant while admitting the evidence being contested in the interlocutory appeal, thus rendering the judgment of sentence void *ab initio*. 343 Mich App 49 (2022) (*Scott IV*). The prosecution sought leave to appeal. The Supreme Court ordered oral argument on the application and directed the parties to submit briefs addressing, among other things, whether *Washington III* applied to the interlocutory appeal at issue. 511 Mich 863 (2023).

In an opinion by Justice ZAHRA, joined by Justices VIVIANO, CAVANAGH, and WELCH, the Supreme Court, in lieu of granting leave to appeal, *held*:

A trial court's failure to adhere to court rules staying a proceeding while an interlocutory appeal is pending is a procedural error, and any such error can be remedied through subsequent appellate review after a final judgment is entered. Interlocutory appeals, in contrast to appeals from final orders, do not divest a trial court of subject-matter jurisdiction over a case. In this case, the Court of Appeals has yet to separately address the merits of the issues presented in defendant's direct appeal that had been preliminarily reviewed during defendant's interlocutory appeal. Accordingly, the judgment was reversed, and the case was remanded to the Court of Appeals to assess in light of the full record developed at trial whether the prosecution presented evidence at defendant's trial that violated MRE 404(b) and, if so, whether defendant is entitled to a new trial under the standard for preserved nonconstitutional errors.

1. The prosecution initially sought interlocutory relief under MCR 6.126, which provides in part that when a trial court makes a decision on the admissibility of evidence and the prosecutor or the defendant files an interlocutory application for leave to appeal seeking to reverse that decision, the trial court shall stay proceedings pending resolution of the application in the Court of Appeals unless the trial court makes findings that the evidence is clearly cumulative or that an appeal is frivolous because legal precedent is clearly against the party's position. The trial court impliedly found that the prosecution's argument was not clearly cumulative or frivolous when agreeing on the record to allow the prosecution to file an interlocutory appeal. By court rule, the trial court was required to stay proceedings pending resolution of the application in the Court of Appeals. Following the prosecution's successful interlocutory appeal in *Scott I*, the case was remanded to the trial court, the stay of proceedings was automatically lifted, and defendant sought appointment of separate appellate counsel to apply for leave to appeal in the Supreme Court, which the trial court granted. When defendant's newly appointed appellate counsel filed a timely application for leave to appeal in the Supreme Court on November 14, 2016, the day before defendant's trial was scheduled to begin, it triggered MCR 7.305(C)(6). This rule provides that if a party appeals a decision that remands for further proceedings as provided in Subrule (C)(6)(a), if the Court of Appeals decision is a judgment under MCR 7.215(E)(1), an application for leave to appeal stays proceedings on remand unless the Court of Appeals or the Supreme Court orders otherwise, and if the Court of Appeals decision is an order other than a judgment under MCR 7.215(E)(1), the proceedings on remand are not stayed by an application for leave to appeal unless

so ordered by the Court of Appeals or the Supreme Court. MCR 7.215(E)(1) provides in part that when the Court of Appeals disposes of an original action or an appeal, whether taken as of right, by leave granted, or by order in lieu of leave being granted, its opinion or order is its judgment. The Court of Appeals' decision in *Scott I* was clearly a judgment disposing of the prosecution's appeal taken by leave granted. Further, since *Scott I* expressly remanded the case to the trial court for further proceedings, pursuant to MCR 7.305(C)(6)(a), defendant's application for leave to appeal stayed the proceedings on remand unless the Court of Appeals or the Supreme Court ordered otherwise, which neither court did. Therefore, by operation of court rule, the proceedings were stayed upon defendant's application for leave to appeal in the Supreme Court.

2. The question then became what was the scope of the stay. As the United States Court of Appeals for the Fifth Circuit held in *Alice L v Dusek*, 492 F3d 563 (CA 5, 2007), a notice of appeal from an interlocutory order does not produce a complete divestiture of the trial court's jurisdiction over the case; rather, it only divests the trial court of jurisdiction over those aspects of the case on appeal. Accordingly, the phrase "stay of proceedings on remand" in MCR 7.305(C)(6) applies only to those aspects of the case involved in the interlocutory appeal. Further, a trial court's decision regarding which aspects of the case are involved in the appeal depends on the nature of the appeal. Because this decision will require familiarity with the facts of the case and experience in maintaining a trial court docket, appellate courts must accord this determination some degree of deference. Therefore, a trial court's decision on this point must be reviewed for an abuse of discretion. In this case, the trial court conducted a trial that clearly involved aspects of defendant's pending interlocutory appeal by admitting the very evidence that was disputed in that appeal. The Court of Appeals' decision to initially grant the prosecution's application for leave to appeal indicated that the disputed evidence was not collateral and was significant to the case. Admitting into evidence at trial arguably prejudicial testimony that remained in dispute on appeal was not only highly irregular; it was also unreasonable and outside the range of principled outcomes. Therefore, the trial court abused its discretion by holding a trial that included this evidence under these circumstances.

3. However, the trial court's failure to comply with the automatic stay was a procedural error that did not deprive the court of subject-matter jurisdiction. Subject-matter jurisdiction is not inherent and is not dependent on the particular facts of the case; rather, it is derived from constitutional and statutory provisions and is dependent on the character or class of the case pending. While *Washington III* held that a trial court loses subject-matter jurisdiction over those aspects of the case involved in the appeal, that case involved an appeal as of right taken from a final order, and an interlocutory appeal is not on par with an appeal from a final order. The Michigan Constitution recognizes only the right to appeals taken from a final order, which is the demarcation that divests a trial court of its general subject-matter jurisdiction. Allowing a trial court to substantively alter a final order could affect the basis on which an appellate court assumed jurisdiction to ensure the review recognized by the Constitution. The same could not be said of interlocutory appeals, given that a defendant remains entitled to constitutional review based on a final order. Interlocutory appeals are merely a procedural mechanism provided by the court rules to provide discretionary preliminary review of an alleged error and are not necessarily dispositive. The mechanics of interlocutory appeals are entirely the product of the court rules promulgated by the Supreme Court, and nothing in either those rules or the Revised Judicature Act, MCL 600.101 *et seq*., suggests that a trial court is divested of subject-matter jurisdiction while an interlocutory

appeal is pending.  In sum, because interlocutory appeals do not implicate the Constitution, they remain outside the scope of jurisdictional concern.

Reversed and remanded to the Court of Appeals for further proceedings.

Chief Justice CLEMENT, joined by Justices BERNSTEIN and BOLDEN, dissenting, agreed that there was an automatic stay in place when defendant timely applied for leave to appeal in the Supreme Court and also agreed that the stay divested the trial court of jurisdiction over the aspects of the case on appeal.  However, she disagreed with the majority that the trial court's violation of the stay and admission of the evidence that was the subject of defendant's pending interlocutory application for leave to appeal was a procedural error that could be reviewed for harmlessness.  Rather, she would have held that under *Washington III*, the trial court lacked subject-matter jurisdiction when defendant's appeal was pending.  She stated that while *Washington III* involved a pending final appeal, the fact that this case involved an interlocutory appeal did not warrant a different result.  She also noted that while the result in this particular case was unfortunate, a general rule that lower courts lose subject-matter jurisdiction over a case while an appeal pends, whether that appeal is interlocutory or final, would make sense and encourage overall efficiency.  Therefore, she would have affirmed the Court of Appeals and held that defendant's judgment of sentence was void and that defendant was entitled to a new trial.

# OPINION

Chief Justice:
Elizabeth T. Clement

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Megan K. Cavanagh
Elizabeth M. Welch
Kyra H. Bolden

FILED  June 3, 2024

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v                                          No. 164790

RONALD SCOTT,

      Defendant-Appellee.

BEFORE THE ENTIRE BENCH

ZAHRA, J.

During these proceedings, defendant applied in this Court for leave to appeal a Court of Appeals judgment that remanded the case to the trial court for further proceedings. Under those circumstances, an automatic stay of the remand proceedings was in place that barred the trial court from addressing aspects of that interlocutory appeal.[1] The significant

---

[1] MCR 7.305(C)(6)(a).

question presented in this case is whether a trial court is divested of subject-matter jurisdiction over a case during such an interlocutory appeal. We hold that the trial court was barred by our court rules from holding a trial during which evidence disputed in the pending interlocutory appeal was admitted.[2]

Notwithstanding this error, we hold that the trial court's failure to adhere to the automatic stay mandated by MCR 7.305(C)(6)(a) was a procedural error that did not deprive the court of subject-matter jurisdiction. Interlocutory appeals, in contrast to appeals from final orders, do not divest a trial court of subject-matter jurisdiction over a case. A trial court is divested of subject-matter jurisdiction upon entry of a final order. Until that time, the trial court retains general subject-matter jurisdiction over the case while an interlocutory appeal is pending.

The mechanics of interlocutory appeals are entirely the product of court rules promulgated by this Court pursuant to our constitutional imperative to "establish, modify, amend and simplify the practice and procedure in all courts of this state."[3] A trial court's error committed while an interlocutory appeal is pending has no effect on the trial court's general subject-matter jurisdiction over the case. Rather, such error is preserved for review by courts exercising appellate jurisdiction upon entry of the trial court's final order. Accordingly, we hold that interlocutory appeals do not divest the trial court of its subject-

_____

[2] MCR 7.305(C)(6)(a).

[3] Const 1963, art 6, § 5.

2

matter jurisdiction. A trial court's error arising during or from the taking of an interlocutory appeal is subject to subsequent appellate review following entry of the final order.[4]

We reverse and remand to the Court of Appeals for further proceedings consistent with this opinion.

## I. BASIC FACTS AND PROCEEDINGS

Defendant was charged with two counts of first-degree criminal sexual conduct (CSC-I),[5] possession of a firearm during the commission of a felony (felony-firearm),[6] being a felon in possession of a firearm,[7] and armed robbery.[8] Following a trial, a jury convicted defendant of both CSC-I charges, but it acquitted him of the other charges. The

---

[4] MCL 769.26 provides for harmless-error review, stating:

> No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice.

Also, standards of review for harmless error differ depending on whether an error is waived, is unpreserved, or affects a defendant's constitutional rights. *People v Carter*, 462 Mich 206, 215-218; 612 NW2d 144 (2000); *People v Carines*, 460 Mich 750, 773-774; 597 NW2d 130 (1999).

[5] MCL 750.520b.

[6] MCL 750.227b.

[7] MCL 750.224f.

[8] MCL 750.529.

trial court sentenced defendant to 356 to 660 months' imprisonment for each CSC-I conviction, to be served consecutively.

Before trial, the prosecution filed a motion in limine to permit two witnesses to testify that defendant had sexually assaulted them in a manner similar to the sexual assault against the victim in this case. The prosecution argued that the testimony would be admissible under MRE 404(b) to establish that defendant engaged in a scheme, plan, or system when committing the sexual offense in the instant case. The trial court denied the prosecution's motion, ruling from the bench:

> The two similar acts [that the prosecution was seeking to introduce] involv[e] . . . prostitutes [who] acknowledged that they went to meet with the defendant for the purpose of prostitution, went voluntarily, knew that the defendant was there, [and] voluntarily entered the facility. One was subjected to a firearm, ostensibly, the other, a knife. Both were required to shower after the incident. The fact that the perpetrator of those offenses engaged in both oral and vaginal, fellatio and vaginal intercourse and a towel was used to wipe those individuals as well as the individual in this case, is the only similarity, and th[is] [c]ourt did not find a basis under those circumstances for the admission.

The prosecution sought leave to appeal in the Court of Appeals, and the trial court agreed to a stay pending the prosecution's appeal. The Court of Appeals granted leave to appeal.[9]

After briefing and oral argument, the Court of Appeals issued an opinion reversing the trial court's decision, holding:

---

[9] *People v Scott*, unpublished order of the Court of Appeals, entered April 21, 2016 (Docket No. 331512).

4

The proposed evidence in this case tends to show common features that indicate the existence of a design or plan.  In this case and the other two incidents, defendant targeted women who were alone at a hotel and who were engaged in illegal activity (involving drugs for the present incident and prostitution for the other incidents), making them vulnerable to defendant's sexual assault.  While the specific details of defendant's plan may vary slightly, it is clear that he had a system in which he would purport to engage in the same illegal activity as his victims, gaining the trust of each woman and getting them to open the door for him.  Defendant would use the threat of a weapon, either a gun or a knife, to force them to perform oral sex on him.  Defendant would penetrate each woman's vagina with his penis as they lay bent over a bed facing away from him.  Evidence indicated that in the present incident defendant ejaculated into a towel and in the two other incidents he again ejaculated outside of the women and wiped his semen with a towel or washcloth.  He also took items (cellular telephones or identification cards) from each woman.

Although the trial court seemed to focus on specific dissimilarities of the proposed other acts evidence compared to the present case, the evidentiary question was not as close as the trial court's ruling made it seem.  Instead, it is clear that the evidence is sufficiently similar to infer that defendant had a common scheme, plan, or system because there are common features linking defendant to the crimes beyond just a mere spontaneous act of sexual assault each time.[10]

The Court of Appeals remanded the case to the trial court for further proceedings.[11]

On remand, defense counsel filed a motion requesting that the trial court appoint defendant separate appellate counsel[12] to apply for leave to appeal in this Court.  Two days later, September 20, 2016, the trial court entered an order "appoint[ing] appellate counsel to file leave to the Michigan Supreme Court and to seek a stay of proceedings."  The trial

---

[10] *People v Scott*, unpublished per curiam opinion of the Court of Appeals, issued September 20, 2016 (Docket No. 331512) (*Scott I*), pp 2-3 (citations omitted).

[11] *Scott I*, unpub op at 3.

[12] Defense counsel had represented defendant on his interlocutory appeal until this point.

5

court scheduled the trial for November 15, 2016, which was also the final day that defendant could timely file in this Court an application for leave to appeal the decision in *Scott I*. Unknown to the trial court, the prosecution, defense counsel, and defendant on the evening of November 14, 2016, was that defendant's newly appointed appellate counsel had filed a timely application in this Court.[13]

Thus, when defendant's trial commenced, his application was pending before this Court. The trial court admitted testimony from the two other-acts-evidence witnesses, in keeping with the Court of Appeals' opinion. The prosecution also presented physical evidence unrelated to defendant's interlocutory appeal, including a towel that the victim claimed would contain defendant's DNA, which it did. The victim also identified defendant as her assailant. Specifically, she testified that, about a week after the offense, she was back in same motel room where she had been assaulted. She heard a knock at the door, looked out the window, and saw the man who had raped her. She testified that she was afraid he was coming back to kill her, so she called 911 and "stayed on the phone with the dispatcher" as she observed police cars arrive at the motel and arrest defendant, the man she had seen outside her motel room. The jury returned a guilty verdict, finding that defendant had committed two counts of CSC-I. On January 17, 2017, this Court denied

---

[13] While the prosecution did not have written notice of the application before trial, the application was electronically served to the general e-mail addresses for the Macomb County Prosecutor's Office and the 16th Circuit Court. Perhaps with additional diligence the filing could have been discovered before trial.

defendant's application because "we [were] not persuaded that the questions presented should now be reviewed by this Court."[14]

## II. PROCEDURAL DEVELOPMENTS FOLLOWING DEFENDANT'S APPEAL AS OF RIGHT

Following his conviction, the trial court entered a final order of judgment and sentence. Defendant appealed this final order as of right. In an unpublished per curiam opinion, the Court of Appeals vacated defendant's convictions and sentences and remanded for retrial.[15] Reading MCR 7.215(F)(1)(a) and MCR 7.305(C) together, the panel concluded that defendant's application in this Court "automatically stayed the proceedings on remand, and the trial court consequently lacked jurisdiction to proceed with defendant's trial."[16] Notably, the panel relied on the Court of Appeals opinion in *People v Washington*.[17]

In that case, the defendant initially appealed as of right his convictions and sentences.[18] The Court of Appeals affirmed the defendant's convictions but vacated his sentences and remanded the case to the trial court for resentencing.[19] The defendant

---

[14] *People v Scott*, 500 Mich 935 (2017).

[15] *People v Scott*, unpublished per curiam opinion of the Court of Appeals, issued January 24, 2019 (Docket No. 336815) (*Scott II*).

[16] *Id*. at 3.

[17] *People v Washington*, 321 Mich App 276; 908 NW2d 924 (2017) (*Washington I*).

[18] *People v Washington*, unpublished per curiam opinion of the Court of Appeals, issued June 13, 2006 (Docket No. 260155), p 1.

[19] *Id*. at 1, 8.

applied for leave to appeal in this Court to challenge his convictions, and while his appeal was pending, the trial court resentenced him.[20]  This Court later denied the defendant's application.[21]  Years later, the defendant filed a motion for relief from judgment, challenging his sentences on jurisdictional grounds.  Specifically, the defendant argued "that the trial court's . . . order after resentencing was invalid because the court lacked jurisdiction to resentence defendant while his application remained pending before the Michigan Supreme Court."[22]  The successor trial court agreed with the defendant.[23]  The prosecution appealed, and the *Washington I* panel agreed with the successor trial court that "the [initial] trial court's entry of the judgment of sentence without jurisdiction was not merely procedural error."[24]  Rather, the panel concluded that the initial trial court lacked jurisdiction to hold a resentencing hearing and to enter the judgment of sentence. Therefore, "the resentencing hearing and the resultant judgment of sentence lack[ed] force and authority and are considered void."[25]

The prosecution's application for leave to appeal in *Washington I* was pending in this Court when the panel in *Scott II* issued its opinion.  The prosecution in *Scott II* sought leave to appeal in this Court.  While the leave application was pending, we vacated the

---

[20] *Washington I*, 321 Mich App at 280.

[21] *People v Washington*, 477 Mich 973 (2006).

[22] *Washington I*, 321 Mich App at 281.

[23] *Id*. at 281-282.

[24] *Id*. at 285.

[25] *Id*.

8

Court of Appeals judgment in *Washington I* and remanded "for reconsideration in light of *Luscombe v Shedd's Food Products Corp*, 212 Mich App 537 (1995)."[26]

The prosecution in the instant case then filed in this Court a motion to remand to the Court of Appeals, highlighting that defendant's case had an issue in common with *Washington I* and that the Court of Appeals' decision on remand in that case might also resolve this case. This Court granted that motion in part, vacated the judgment in *Scott II*, and remanded this case to the Court of Appeals to be held in abeyance pending the decision of *Washington (On Remand)* and then afterwards for the Court of Appeals to "reconsider this case in light of *Washington* [*(On Remand) (Washington II)*]."[27]

In *Washington II*, the Court of Appeals ruled in a published opinion that resentencing an individual while his application for leave in this Court was pending was "not a structural error occasioned by a lack of subject-matter jurisdiction."[28] Rather, it was an error "merely procedural in nature" and "rendered harmless by the lack of any objection." Citing its decision in *Washington II*, the Court of Appeals in this case affirmed defendant's convictions.[29]

---

[26] *People v Washington*, 503 Mich 1030 (2019).

[27] *People v Scott*, 504 Mich 939, 939 (2019).

[28] *People v Washington (On Remand)*, 329 Mich App 604, 614 (2019) (*Washington II*), rev'd 508 Mich 107 (2021).

[29] *People v Scott (On Remand)*, unpublished per curiam opinion of the Court of Appeals, issued January 30, 2020 (Docket No. 336815) (*Scott III*).

9

Meanwhile, the defendant in *Washington II* again sought leave to appeal in this Court. We granted the application[30] and later held that an appeal from a final judgment divests a trial court "of subject-matter jurisdiction over those aspects of the case involved in the appeal."[31] As a result, a majority of the Court concluded that the trial court did not have jurisdiction to resentence the defendant while his application for leave to appeal was pending in this Court and that any sentence was void at its inception.[32]

Defendant sought leave to appeal in light of this Court's decision in *Washington III*. We remanded defendant's case again and ordered the Court of Appeals to reconsider its decision in light of *Washington III*.[33] Specifically, this Court asked the Court of Appeals to "address whether this Court's decision in *Washington* [*III*] applies to the interlocutory appeal at issue in [defendant's] case."[34]

The Court of Appeals reversed defendant's convictions, holding in a published opinion:

> The question before this Court is whether the Court's ruling in [*Washington III*] applies to the interlocutory appeal at issue in this case. We see no meaningful distinction between this case and *Washington* [*III*], and therefore conclude that the same result is required. The trial court undisputedly erred by conducting a trial as it did after we issued our decision on the prosecution's interlocutory appeal but while defendant's application for

---

[30] *People v Washington*, 505 Mich 1046 (2020).

[31] *People v Washington*, 508 Mich 107, 126; 972 NW2d 767 (2021) (*Washington III*).

[32] *Id*.

[33] *People v Scott*, 509 Mich 978, 978-979; 973 NW2d 306 (2022).

[34] *Id*.

leave to appeal this Court's decision was pending. See MCR 7.215(F)(1)(a). Under *Washington [III]*, the error was one of subject-matter jurisdiction; in other words, the trial court was divested of subject-matter jurisdiction over those aspects of the case involved in the appeal. In this case, the aspect of the case involved in the appeal was the trial court's exclusion of other-acts evidence. The trial court conducted defendant's trial while allowing the admission of that evidence, despite the fact that the Supreme Court could have reversed this Court's order and precluded the admission of the evidence. Therefore, the Supreme Court "had the ability to greatly alter the course of the case[.]" Accordingly, the trial court lacked subject-matter jurisdiction to try defendant while admitting the evidence that was the subject of the leave application before the Supreme Court, and the judgment of sentence is void.[35]

Following the Court of Appeals decision, the prosecution again sought leave to appeal in this Court. We ordered argument on the application and directed the parties to submit supplemental briefing addressing whether *Washington III* applies to the interlocutory appeal at issue in this case as well as, specifically:

> (1) whether there was an automatic stay in effect during the pendency of defendant's application for leave to appeal in this Court, see MCR 2.614(D), MCR 6.126, MCR 7.205(E)(3), MCR 7.208(A), MCR 7.209(A)(1), MCR 7.215(F)(1)(a), and MCR 7.305(C)(6)(a); (2) whether any stay prevented the trial court from holding trial or whether it only prevented action related to the non-final order challenged in the prosecutor's interlocutory appeal, see *Alice L v Dusek*, 492 F3d 563, 564-565 (CA 5, 2007); *Quick-Sav Food Stores, Ltd v Estate of Mattis*, unpublished per curiam opinion of the Court of Appeals, issued January 19, 2010 (Docket No. 285414), pp 2-3, citing 5 Am Jur 2d, Appellate Review, § 387, p 174; and (3) whether any stay deprived the trial court of subject matter jurisdiction or whether the failure to comply with that stay was a procedural error subject to review for harmlessness.[36]

---

[35] *People v Scott (On Remand)*, 343 Mich App 49 (2022) (*Scott IV*).

[36] *People v Scott*, 511 Mich 863, 863-864 (2023).

11

### III. AUTOMATIC STAY[37]

The first question presented is whether the Michigan Court Rules provide for an automatic stay that would remain in effect during the pendency of defendant's interlocutory application for leave to appeal in this Court.

### A. STANDARD OF REVIEW

The interpretation of court rules involves questions of law that appellate courts review de novo.[38]

### B. ANALYSIS

Defendant argues, and the prosecution conceded at oral argument, that there was an automatic stay in place while the trial court conducted defendant's jury trial. We agree.

The prosecution initially sought interlocutory relief under MCR 6.126, entitled "Decision on Admissibility of Evidence," which provides:

> Where the court makes a decision on the admissibility of evidence and the prosecutor or the defendant files an interlocutory application for leave to appeal seeking to reverse that decision, the court shall stay proceedings pending resolution of the application in the Court of Appeals, unless the court makes findings that the evidence is clearly cumulative or that an appeal is frivolous because legal precedent is clearly against the party's position. If

---

[37] Ordinarily, subject-matter jurisdiction would be addressed first, given that the absence of subject-matter jurisdiction voids all the proceedings. In this case, the trial court indisputably possessed subject-matter jurisdiction generally over defendant's criminal trial. We address the separate question whether the court was divested of its subject-matter jurisdiction under *Washington*, which relied in part on the court rules in concluding that the court lacked subject-matter jurisdiction over defendant's resentencing. Accordingly, we address whether the trial court committed error under our court rules before we address whether such an error would divest the trial court of its subject-matter jurisdiction or, alternatively, whether the error is only procedural.

[38] *People v Williams*, 483 Mich 226, 231; 769 NW2d 605 (2009).

12

the application for leave to appeal is filed by the prosecutor and the defendant is incarcerated, the defendant may request that the court reconsider whether pretrial release is appropriate.

The trial court impliedly found that the prosecution's argument was not clearly cumulative or frivolous when agreeing on the record to allow the prosecution to file an interlocutory appeal. By court rule, the court was required to "stay proceedings pending resolution of the application in the Court of Appeals . . . ."

Following the prosecution's successful interlocutory appeal in *Scott I*, the case was remanded to the trial court, the stay of proceedings was automatically lifted, and defendant sought appointment of separate appellate counsel to apply for leave to appeal in this Court, which the trial court granted. On the evening of November 14, 2016, the day before defendant's trial was scheduled to begin, defendant's newly appointed appellate counsel filed a timely application for leave to appeal in this Court.[39]

When defendant's application for leave to appeal in this Court was filed, it triggered MCR 7.305(C)(6), entitled "Effect of Appeal on Decision Remanding Case," which provides:

> If a party appeals a decision that remands for further proceedings as provided in subrule (C)(6)(a), the following provisions apply:
>
> (a) If the Court of Appeals decision is a judgment under MCR 7.215(E)(1), an application for leave to appeal stays proceedings on remand unless the Court of Appeals or the Supreme Court orders otherwise.

---

[39] Defendant's newly appointed appellate counsel provided legally sufficient notice through e-filing. While the prosecution argued in its supplemental brief to this Court that defendant's appellate counsel failed to provide sufficient notice of the filing of the application for leave to appeal in this Court, it conceded otherwise at oral argument.

13

(b) If the Court of Appeals decision is an order other than a judgment under MCR 7.215(E)(1), the proceedings on remand are not stayed by an application for leave to appeal unless so ordered by the Court of Appeals or the Supreme Court.

MCR 7.215(E)(1) provides:

When the Court of Appeals disposes of an original action or an appeal, whether taken as of right, by leave granted, or by order in lieu of leave being granted, its opinion or order is its judgment. An order denying leave to appeal is not deemed to dispose of an appeal.

The Court of Appeals' decision in *Scott I* is clearly a judgment disposing of the prosecution's appeal taken by leave granted. Further, since *Scott I* expressly remanded the case to the trial court for further proceedings, pursuant to MCR 7.305(C)(6)(a), defendant's "application for leave to appeal stay[ed] proceedings on remand unless the Court of Appeals or the Supreme Court order[ed] otherwise." Neither the Court of Appeals nor this Court ordered the stay lifted. We therefore conclude that by operation of court rule the proceedings were stayed upon defendant's application for leave to appeal in this Court.

## IV. SCOPE OF THE AUTOMATIC STAY

The second question presented is whether the automatic stay prevented the trial court from holding trial or whether it only prevented action related to the nonfinal order challenged in the prosecution's interlocutory appeal.

14

## A. STANDARD OF REVIEW

The interpretation of court rules presents questions of law that appellate courts review de novo.[40]

## B. ANALYSIS

In *Washington III*, a majority of this Court held that an appeal from a final judgment divests a trial court "of subject-matter jurisdiction over *those aspects* of the case involved in the appeal."[41] This is consistent with court rule commentary, at least in terms of MCR 7.209, that the phrase "stay of proceedings" refers only to proceedings related to the disputed order and not to other issues.[42] The United States Court of Appeals for the Fifth Circuit in *Alice L v Dusek*, which is cited in our order directing argument on the application, more clearly states this principle:

> A notice of appeal from an interlocutory order does not produce a complete divestiture of the [trial] court's jurisdiction over the case; rather, it only divests the [trial] court of jurisdiction over those aspects of the case on appeal. Our caselaw makes this point clearly: "It is the general rule that a [trial] court is divested of jurisdiction upon the filing of the notice of appeal with respect to any matters involved in the appeal. However, where an appeal is allowed from an interlocutory order, the [trial] court may still proceed with matters not involved in the appeal."[43]

---

[40] *Williams*, 483 Mich at 231.

[41] *Washington III*, 508 Mich at 126.

[42] See 3 Longhofer & Quick, Mich Court Rules Practice, Text (8th ed), § 2614.6, p 728.

[43] *Alice L*, 492 F3d at 564-565 (citation omitted).

15

We agree with this reasoning, as do many courts,[44] and interpret the phrase "stay of proceedings on remand" in MCR 7.305(C)(6) as applying only to those aspects of the case involved in the interlocutory appeal.[45]

---

[44] *Janousek v Doyle*, 313 F2d 916, 920 (CA 8, 1963) (holding that an interlocutory appeal "does not ipso facto divest the district court of jurisdiction to proceed with the cause with respect to any matter not involved in the appeal, or operate to automatically stay other proceedings in the cause pending the appeal"); *Grauberger v St Francis Hosp*, 169 F Supp 2d 1172, 1176 n 2 (ND Cal, 2001) ("An appeal from an interlocutory order does not, however[,] 'stay the proceedings, as it is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case.'"), quoting *Plotkin v Pacific Tel & Tel Co*, 688 F2d 1291, 1293 (CA 9, 1982); *Quick-Sav Food Stores, Ltd v Mattis Estate*, unpublished opinion of the Court of Appeals, issued January 19, 2010 (Docket No. 285414), pp 2-3 ("[T]his case does not involve circumstances where the trial court had nothing left to do after the appeal. Indeed, an interlocutory appeal does not completely divest a trial court of jurisdiction to act. See 5 Am Jur 2d, Appellate Review, § 387, p 174 (one exception to the general rule that an appeal transfers jurisdiction of a matter to an appellate court is an interlocutory appeal) . . . ."); *Dalenko v Peden Gen Contractors, Inc*, 197 NC App 115, 121-122; 676 SE2d 625 (2009) ("When a party gives notice of appeal from an appealable order, the trial court is divested of jurisdiction and the related proceedings are stayed in the lower court. In such instances, the trial court has no authority to proceed with the trial of the matter. However, a trial court is not divested of its jurisdiction to determine a case on its merits where the litigant appeals a non-appealable interlocutory order. In such instances, the trial court is not required to stay the proceedings but 'may disregard the appeal and proceed to try the action[.]'") (citations omitted); see generally 4 CJS, Appeal and Error, § 551, p 537 (noting that statutes might provide for stays of all proceedings or certain proceedings pending appeal, but "elsewhere the automatic stay upon an interlocutory appeal may only stay the particular order being appealed, and does not necessarily divest the lower court of jurisdiction as to all matters"); cf. *Griggs v Provident Consumer Discount Co*, 459 US 56, 58; 103 S Ct 400; 74 L Ed 2d 225 (1982) (noting that the filing of an appeal "divests the district court of control *over those aspects of the case involved in the appeal*") (emphasis added).

[45] There may be some exceptions depending on the specific language of the court rule. For example, MCR 2.614(D) provides in part:

Further, a trial court's decision in regard to which aspects of the case are and are not involved in the appeal "depends on the nature of the appeal."[46] This decision will require familiarity with the facts of the case and experience in maintaining a trial court docket.[47] We believe "the appellate court must accord this determination some degree of deference."[48] Accordingly, we hold that the trial court's decision on this issue is reviewed for an abuse of discretion and "will not be disturbed unless that decision falls 'outside the range of principled outcomes.' "[49]

In this case, we conclude that the trial court conducted a trial that clearly involved aspects of defendant's pending interlocutory appeal. During trial, the very evidence that was disputed in the interlocutory appeal was admitted. And the Court of Appeals' decision to initially grant the prosecution's application for leave to appeal is itself a solid indicator that the disputed evidence was not collateral and was indeed significant to the case. Admitting into evidence at trial arguably prejudicial testimony that remained in dispute on appeal is not only highly irregular; it was also unreasonable and outside the range of

---

If a party appeals a trial court's denial of the party's claim of governmental immunity, the party's appeal operates as *an automatic stay of any and all proceedings in the case* until the issue of the party's status is finally decided.

[46] *Alice L*, 492 F3d at 565.

[47] See *People v Babcock*, 469 Mich 247, 268; 666 NW2d 231 (2003).

[48] *Id*. at 269.

[49] *People v Thorpe*, 504 Mich 230, 252; 934 NW2d 693 (2019), quoting *People v Douglas*, 496 Mich 557, 565; 852 NW2d 587 (2014) (quotation marks and citation omitted).

17

principled outcomes. We therefore conclude that the trial court abused its discretion by holding a trial that included this evidence under these circumstances.

While we find an abuse of discretion, we nonetheless note that this is a highly unusual case, and the trial court's decision is understandable given that the court was not aware that defendant's newly appointed appellate counsel had timely filed an application in this Court on the evening before trial commenced. Still, the court had agreed to appoint appellate counsel following the Court of Appeals' decision in *Scott I* and should have considered the possibility that an application would be filed. In sum, the trial court opened itself to potential error by scheduling trial during the period in which defendant was still permitted to appeal *Scott I* in this Court. While an automatic stay does not necessarily prevent a court from commencing trial when an interlocutory appeal is pending and the question on review is collateral to the trial, the trial court here abused its discretion because the trial included the very evidence that was the subject of the application pending before this Court.

## V. SUBJECT-MATTER JURISDICTION

The final question presented is whether the automatic stay deprived the trial court of subject-matter jurisdiction or whether the failure to comply with that stay was a procedural error.

## A. STANDARD OF REVIEW

Errors relating to subject-matter jurisdiction present questions of law that this Court reviews de novo.[50]

## B. ANALYSIS

In *Washington III*, the Court iterated the basic principle that "[s]ubject-matter jurisdiction . . . concerns a court's authority to hear and determine a case."[51] "This authority is 'not dependent on the particular facts of the case' but, instead, is dependent on the character or class of the case pending."[52] Likewise, "courts do not have inherent subject-matter jurisdiction; it is derived instead from our constitutional and statutory provisions. Under Michigan's 1963 Constitution, circuit courts have 'original jurisdiction in all matters not prohibited by law[.]' "[53] MCL 600.601 similarly provides:

> (1) The circuit court has the power and jurisdiction that is any of the following:
>
> (a) Possessed by courts of record at the common law, as altered by the state constitution of 1963, the laws of this state, and the rules of the supreme court.
>
> (b) Possessed by courts and judges in chancery in England on March 1, 1847, as altered by the state constitution of 1963, the laws of this state, and the rules of the supreme court.

---

[50] *Washington III*, 508 Mich at 121.

[51] *Id.*, citing *Bowie v Arder*, 441 Mich 23, 36; 490 NW2d 568 (1992).

[52] *Washington III*, 508 Mich at 121, quoting *People v Lown*, 488 Mich 242, 268; 794 NW2d 9 (2011).

[53] Const 1963, art 6, § 13.

19

(c) Prescribed by the rules of the supreme court.

As an initial matter, neither *Washington III* nor any of the cases relied upon therein involved an interlocutory appeal. While we used the term "interlocutory" in *People v George*,[54] that case was not here on an interlocutory basis. Specifically, in *George*, the defendant was convicted of second-degree murder. He appealed in the Court of Appeals, which reversed, and the prosecution sought leave to appeal here. Thus, the subject of the appeal in *George* was a final order of judgment and sentence. Our opinion addressed the "[d]efendant's interlocutory 'motion to determine trial court jurisdiction . . . .' "[55] It was interlocutory only in the sense that it came before our review of the underlying merits— the defendant simply sought to confirm that the trial court could not proceed with the case before the appeal in the Supreme Court was concluded. Accordingly, our caselaw does not squarely address whether an interlocutory appeal deprives a trial court of subject-matter jurisdiction.[56]

---

[54] *People v George*, 399 Mich 638, 640; 250 NW2d 491 (1977).

[55] *Id*. at 638.

[56] *Washington II* mentioned in support that *People v Swafford*, 483 Mich 1; 762 NW2d 902 (2009), involved an interlocutory appeal. *Swafford* discussed our court rules and stated that "the trial court did not have proper jurisdiction to bring defendant to trial or convict defendant." *Id*. at 7 n 5. However, as we have recognized, this statement was dictum. See *Washington III*, 508 Mich at 124 n 4. This statement was dictum because *Swafford* resolved the case on the basis of a statute that expressly divests the trial court of subject-matter jurisdiction if the prosecutor fails to bring a defendant to trial within 180 days of receiving the defendant's request for a final disposition made while the defendant is serving a term of imprisonment and a " 'detainer has been lodged against the prisoner . . . .' " *Id*. at 3, quoting MCL 780.601, which enacted the Interstate Agreement on Detainers (IAD). Under those circumstances, the IAD provides that the court "*shall* enter an order dismissing the [complaint] with prejudice." MCL 780.601 (emphasis added). Thus, *Swafford* did not

The Court of Appeals and defendant rely heavily on the Court's decision in

*Washington III*, even though that case did not involve an interlocutory appeal. *Washington*

*III* held that a trial court loses subject-matter jurisdiction "over those aspects of the case

address whether the trial court lacked *subject-matter jurisdiction* in light of the court rule provisions governing automatic stays in interlocutory appeals.

Moreover, *Swafford* concerned the review of an interlocutory appeal that clearly did result in harm to the defendant. In *Swafford*,

> [a]fter the Court of Appeals rendered its first decision, but before this Court vacated that decision, defendant was brought to trial, convicted as charged, and sentenced to life in prison. Defendant should not have been brought to trial at that time. The Court of Appeals decision reversing the trial court's dismissal of charges and remanding the case for trial had not taken effect, because defendant had filed a timely appeal to this Court. MCR 7.215(F)(1)(a). [Note that MCR 7.305(C)(6)(a) was adopted in 2015 and, as previously discussed, controls over MCR 7.215(F)(1)(a).] Moreover, during the pendency of a timely appeal to this Court, a Court of Appeals decision remanding to a lower court for further proceedings is automatically stayed, unless the Court of Appeals or this Court orders otherwise. MCR 7.302(C)(5). Neither this Court nor the Court of Appeals ordered further proceedings to begin notwithstanding defendant's timely appeal. Accordingly, the trial court did not have proper jurisdiction to bring defendant to trial or convict defendant. [*Swafford*, 483 Mich at 6 n 5.]

Had this Court in *Swafford* ultimately agreed with the Court of Appeals majority opinion, from which I dissented, *People v Swafford (On Remand)*, unpublished opinion per curiam of the Court of Appeals, issued March 18, 2008 (Docket No. 268499) (ZAHRA, J., dissenting), it cannot be said whether the *Swafford* Court would have reviewed the trial court's lack of "proper jurisdiction" under the mentioned court rules, which are also applicable in this case, for harmless error. What is clear is that the Court did express that it had "no choice but to reverse the Court of Appeals and reinstate the trial court's order dismissing the charges with prejudice," stating, "However harsh and inflexible a remedy for failure to comply with the IAD this may be adjudged, it is plainly what our Legislature requires." *Swafford*, 483 Mich at 3-4. The same simply cannot be said in the instant case, and for that reason, I believe that the dictum in *Swafford* is reconcilable with this opinion.

21

involved in the appeal."[57]  Defendant acknowledges that *Washington III* was an appeal as of right taken from a final order but argues that there is no reason *Washington III* should not also apply to interlocutory appeals.  As defendant argues:

> [T]he Michigan Court Rules give no reason for treating an interlocutory appeal differently from one taken after a final order or judgment.  The Rules make no distinction between one and the other.  Indeed, they mention the word "interlocutory" only six times, and none of those references even hint that an interlocutory appeal might have a more limited jurisdictional impact than any other appeal.

Defendant explains that extending *Washington III* to divest a trial court of subject-matter jurisdiction during an interlocutory appeal would serve the same purpose as that of the general rule, which is " 'to avoid the confusion of placing the same matter before two courts at the same time and preserve the integrity of the appeal process.' "[58]  Defendant maintains that it would serve to keep the trial court and appellate court from " 'stepping on each other's toes.' "[59]

We disagree with defendant that an interlocutory appeal is on par with an appeal from a final order.  Interlocutory appeals have no constitutional pedigree.  In comparison, our Constitution expressly recognizes that a criminal defendant has an "appeal *as a matter of right*."[60]  While our Constitution acknowledges that the Court of Appeals may have

---

[57] *Washington III*, 508 Mich at 126.

[58] Defendant's Answer to the Prosecution's Application for Leave to Appeal (October 10, 2022), pp 6-7, quoting *Washington III*, 508 Mich at 125-126.

[59] Defendant's Answer to the Prosecution's Application for Leave to Appeal (October 10, 2022), quoting *United States v Centracchio*, 236 F3d 812, 813 (CA 7, 2001).

[60] Const 1963, art 1, § 20 (emphasis added).

jurisdiction over interlocutory appeals pursuant to legislative enactment, the Constitution does not provide any right to an interlocutory appeal. The Legislature has not vested the Court of Appeals with "exclusive jurisdiction,"[61] such that this Court's power to regulate interlocutory proceedings through the court rules is in question. The only other type of appeal mentioned in our Constitution is an exception in which the Legislature may provide by law for an appeal by leave of the court for "an accused who pleads guilty or nolo contendere . . . ."[62] Such appeals, likewise, can only be requested following the entry of a

---

[61] See, e.g., MCL 129.278 (providing the Court of Appeals exclusive jurisdiction over "any legal action against the [Michigan Tobacco Settlement Finance Authority]").

The *Washington III* Court noted that "our jurisdictional rules plainly establish that the circuit court has original jurisdiction and the Court of Appeals has appellate jurisdiction." *Washington III*, 508 Mich at 129, citing Const 1963, art 1, § 20 and MCL 600.308(1). While these provisions do not explicitly state that these jurisdictional grants are exclusive, the Court reasoned that they "are fundamentally incompatible when exercised simultaneously upon the same aspects of a case" and therefore concluded that the exercise of appellate jurisdiction deprives a circuit court of subject-matter jurisdiction over the aspect of the case subject to appellate review. *Id*.

We find that reasoning inapplicable here because *Washington III* involved a remand to the trial court after the Court of Appeals reviewed a *final judgment*; it did not address a remand ordered in an interlocutory appeal. As stated elsewhere, the entry of final judgment generally deprives a circuit court of its statutory and constitutional subject-matter jurisdiction over a case unless action is permitted by court rule or by order from courts exercising appellate jurisdiction. By contrast, interlocutory appeals are governed *solely* by the court rules and not by statute or the Michigan Constitution. Because a court's subject-matter jurisdiction "is derived . . . from our constitutional and statutory provisions," *id*. at 121, and neither source governs interlocutory appeals or indicates that a circuit court lacks subject-matter jurisdiction during such appeals, the exercise of appellate jurisdiction before a final judgment is entered does not deprive a circuit court of subject-matter jurisdiction.

[62] Const 1963, art 1, § 20.

23

final order.[63]  Thus, our Constitution recognizes only the right to appeals taken from a final order.  A final order is the demarcation that divests a trial court of its general "subject-matter jurisdiction" and permits a criminal defendant to exercise his or her constitutional right to an appeal.  When a trial court enters a final order, it relinquishes its general power to find facts and render conclusions of law affecting the final order unless permitted by court rule or by order from courts exercising appellate jurisdiction.  Allowing a trial court to substantively alter a final order may well affect the very basis on which our appellate courts have assumed jurisdiction to ensure the review recognized by our Constitution.  The same cannot be said of interlocutory appeals, given that a defendant remains entitled to constitutional review based on a final order.[64]  Interlocutory appeals simply do not implicate our Constitution and therefore remain outside the scope of jurisdictional concern.

---

[63] *Id*.  "[B]y virtue of pleading guilty, a defendant waives appellate review of all nonjurisdictional defects in the prosecution." *People v Rodriguez*, 192 Mich App 1, 5; 480 NW2d 287 (1991), citing *People v New*, 427 Mich 482; 398 NW2d 358 (1986).  Still, defendants do not waive the right to challenge " 'guilty pleas accepted in contravention of standards which have been developed with painstaking care to afford defendants their basic rights.' " *Id*. at 6, quoting *People v Butler*, 43 Mich App 270, 280; 204 NW2d 325 (1972).  For example, "[a]greements that are involuntarily or unintelligently made or suffer from other infirmities," such as "where the court originally lacked jurisdiction of the defendant, the prosecution failed to uphold its portion of the agreement," and ineffective assistance of counsel, "may and should be challenged in the trial court.  See MCR 6.310, 6.311, and 6.429.  Should a defendant fail to receive the relief sought, an application for leave to appeal to [the Court of Appeals] may be filed.  MCR 7.205." *Rodriguez*, 192 Mich App at 7.

[64] *People v Torres*, 452 Mich 43, 59; 549 NW2d 540 (1996) ("[A] criminal defendant may raise an issue related to an interlocutory decision in its appeal of right from a final decision.").  Michigan courts have recognized that appellate resolution of the merits of an issue raised in an interlocutory appeal may, under some circumstances, bind the same court in a later appeal under the law-of-the-case doctrine.  See *Rott v Rott*, 508 Mich 274, 286-288; 972 NW2d 789 (2021).  However, the law-of-the-case doctrine is a prudential doctrine

24

Unlike the federal government, the Michigan Legislature has not enacted into law statutes governing the subject-matter jurisdiction of our trial courts while an interlocutory appeal is pending.[65] The Legislature had previously enacted statutes providing for interlocutory appeals, though they were limited to a review of a trial court's decision based on " 'jurisdictional grounds,' " a " 'plea to the jurisdiction or other dilatory plea,' " and demurrers,[66] which today are akin to a trial court's decision on summary disposition under MCR 2.116(C)(8), which considers whether a "party has failed to state a claim on which relief can be granted." Before this, the only interlocutory appeals that were permitted were from trial court orders "overruling a general demurrer."[67]

---

that is not applied rigidly where doing so would create an injustice, especially in criminal cases. See *People v Zitka*, 335 Mich App 324, 334; 966 NW2d 786 (2020). Moreover, the doctrine is inapplicable if the facts and issues presented in the subsequent appeal are not substantially and materially the same as those addressed in the previous appellate decision. *People v Phillips*, 227 Mich App 28, 31-32; 575 NW2d 784 (1997); see also *Rott*, 508 Mich at 286.

[65] As a noted treatise explains:

> While Congress has adopted several statutory provisions allowing interlocutory appeals in civil cases, only three federal statutes authorize interlocutory appeals in criminal cases. One is quite narrow and carefully limited to prosecution appeals [see 18 USC 3731], a second provides both defense and prosecution with a right to appeal orders concerning pretrial release or detention [see 18 USC 3154(c)], and the third provides for expedited appellate review of specific alleged violations of the statutory rights of victims [see 18 USC 3771 *et seq*.]. [7 LaFave et al, Criminal Procedure (4th ed), § 27.2(b), pp 13-14.]

[66] *Gustin v Alpena Circuit Judge*, 285 Mich 189, 192; 280 NW 727 (1938), quoting 1929 CL 15508.

[67] *Gustin*, 285 Mich at 193, quoting 1897 CL 549.

25

In *Gustin v Alpena Circuit Judge*, this Court considered whether it had jurisdiction over a trial court's order denying a demurrer. In that case, a defendant had

> moved to dismiss [the] plaintiff's bill of complaint, on the ground that it, together with the depositions, showed that [the] plaintiff was not the proper party to bring suit. After hearing arguments on the motion, the trial judge ruled that the matter "should be tried with the other issues in the case, with the right of the defendant to renew his motion at the conclusion of [the] plaintiff's case." All of the defendants joined in a renewal of the motion after [the] plaintiff had presented its proofs and rested their case without submitting any testimony in support of their answer. Thereafter the trial judge filed a written opinion in which he stated that: "The motions of the several defendants to dismiss the bill of complaint should be denied."[68]

The defendants "then filed an application for leave to appeal directly from the denial of their motion and, in the alternative, petitioned for a writ of mandamus directing the trial judge to enter a formal order from which an interlocutory appeal might be taken."[69] This Court held that under the statutes in place at that time, "no interlocutory appeal from the circuit court's denial of the motion to dismiss the bill of complaint is permissible under the situation disclosed by this record . . . ."[70] The Court then explained that the "[d]efendants have not lost any of their rights because the questions raised by their motion may be reviewed on appeal from the decree."[71]

---

[68] *Gustin*, 285 Mich at 190.

[69] *Id*.

[70] *Id*.

[71] *Id*. at 194, citing *Malooly v York Heating & Ventilating Corp*, 270 Mich 240; 258 NW 622 (1935).

The *Gustin* decision reflects how this Court has traditionally viewed interlocutory appellate jurisprudence as procedural when compared to the substantive appellate review of final orders afforded under our Constitution. Three justices of the then eight-member Court dissented and would not have even entertained the interlocutory appeal, stating that they instead would have ordered the trial court to enter a final order.[72] This is because interlocutory appeals are a precautionary procedure designed to correct a significant error in a specific case that may require reversal of the entire cause on final review if an interlocutory appeal is not taken.

Moreover, appeals from final orders generally provide for more robust appellate review than do interlocutory appeals, particularly as here, when the interlocutory appeal concerns a discretionary decision to admit evidence. In this case, the interlocutory appeal was based on the prosecution's mere proffer of the anticipated witnesses' testimony. After a final order has entered, final appellate review is based on the witnesses' sworn testimony that has been subjected to cross-examination. In addition, the trial court's record will be more developed on final review and allow appellate courts to review the alleged error in context of the entire cause. This includes opening statements, closing arguments, the court's cautionary jury instructions during trial, and final jury instructions, all of which may prove highly relevant to identifying and weighing the significance of any error. In sum, appeals from final orders receive plenary review, while interlocutory appeals are based on a very limited record. Interlocutory appeals are merely a procedural mechanism

---

[72] *Gustin*, 285 Mich at 194 (POTTER, J., dissenting).

27

provided by our court rules to provide discretionary preliminary review of an alleged error and are not necessarily dispositive.[73]

The mechanics of interlocutory appeals are entirely the product of the court rules promulgated by this Court pursuant to our constitutional imperative to "establish, modify, amend and simplify the practice and procedure in all courts of this state."[74] The Legislature has recognized this imperative and has provided this Court with a wide berth in this respect, in that "[a]ppellate review, including the right to appellate review or interlocutory appeal and provisions as to time, manner, notice, appeal bond, stays, scope of review, record on appeal, briefs, arguments, and the power of the appellate court, is governed by the revised judicature act of 1961 [(RJA)] and by supreme court rule."[75] Nothing in the RJA remotely suggests that a trial court is divested of subject-matter jurisdiction while an interlocutory appeal is pending. Nor can it be said that our court rules divest the trial court of its subject-matter jurisdiction over a case while an interlocutory appeal is pending. All that can be said is that the trial court violated an automatic stay while an interlocutory appeal was pending in this Court by holding a trial in which evidence disputed in the interlocutory appeal was admitted.[76]

---

[73] See note 64 of this opinion addressing the law-of-the-case doctrine and limitations on that doctrine.

[74] Const 1963, art 6, § 5.

[75] MCL 700.1305.

[76] Notably, after the trial court entered a final order of judgment and sentence, defendant raised the same issues on appeal that had been raised in his interlocutory application in this Court, and the Court of Appeals has the authority to review that issue. See note 63 of this opinion. Accordingly, defendant has not lost any of his rights because the questions raised

28

# VI. CONCLUSION

We hold that a trial court's failure to adhere to court rules staying a proceeding while an interlocutory appeal is pending is a procedural error and that any such error can be remedied through subsequent appellate review after a final judgment is entered. Interlocutory appeals, in contrast to appeals from final orders, do not divest a trial court of subject-matter jurisdiction over a case. In this case, the Court of Appeals has yet to separately address the merits of the issues presented in defendant's direct appeal that had been preliminarily reviewed during defendant's interlocutory appeal. Accordingly, we reverse and remand to the Court of Appeals to (1) assess in light of the full record developed at trial whether the prosecution presented evidence at defendant's trial that violated MRE 404(b), and (2) if so, whether defendant is entitled to a new trial under the standard for preserved nonconstitutional errors.[77]

Brian K. Zahra
David F. Viviano
Megan K. Cavanagh
Elizabeth M. Welch

---

in his interlocutory appeal may be addressed in his constitutionally guaranteed appeal as of right from the final order.

[77] See *Lukity*, 460 Mich at 495-496.

29

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v                                             No. 164790

RONALD SCOTT,

      Defendant-Appellee.

_____

CLEMENT, C.J. (*dissenting*).

      I agree with the majority opinion that there was an automatic stay in place when defendant timely filed an application for leave to appeal in this Court. I also agree that the stay divested the trial court of jurisdiction over the aspects of the case on appeal. In this case, the trial court violated the stay by holding trial and admitting the evidence that defendant contended should not be admitted in his pending application before this Court. However, I disagree with the majority that this error is procedural and can be reviewed for harmlessness. Applying our holding from *People v Washington*, 508 Mich 107; 972 NW2d 767 (2021), I believe that the trial court lacked subject-matter jurisdiction when defendant's appeal was pending. Therefore, I would hold that the judgment of sentence is void and defendant is entitled to a new trial. I accordingly dissent from the majority. Rather than reversing the Court of Appeals, I would affirm.

      The instant case involves a pending interlocutory appeal, whereas *Washington* involved a pending final appeal. The majority points to distinctions between interlocutory and final appeals, but I believe these are distinctions without meaningful differences and

do not warrant a different result in this case. I would simply apply our holding in *Washington* here.

In *Washington*, the defendant had appealed his convictions and sentences. *Id*. at 114. The Court of Appeals affirmed the defendant's convictions but remanded for resentencing. *Id*. The defendant then sought leave to appeal in this Court. *Id*. at 115. While that application was pending, the trial court resentenced the defendant. Afterward, our Court denied leave. *Id*. In a motion for relief from judgment, the defendant contended that the resentencing was invalid because the trial court lacked jurisdiction over the case while his appeal before this Court was pending. *Id*. at 116. We heard oral argument on the application. *People v Washington*, 505 Mich 1046 (2020).

In our opinion reversing, we first noted that the trial court had erred under MCR 7.215(F)(1)(a) when it resentenced the defendant while his application for leave to appeal in this Court was pending.[1] *Washington*, 508 Mich at 120. Importantly, we reasoned that the error was one of subject-matter jurisdiction. MCL 600.601(1) states:

> (1) The circuit court has the power and jurisdiction that is any of the following:
>
> (a) Possessed by courts of record at the common law, as altered by the state constitution of 1963, the laws of this state, and the rules of the supreme court.
>
> (b) Possessed by courts and judges in chancery in England on March 1, 1847, as altered by the state constitution of 1963, the laws of this state, and the rules of the supreme court.

---

[1] That court rule reads, "[T]he Court of Appeals judgment is effective after the expiration of the time for filing an application for leave to appeal to the Supreme Court, or, if such an application is filed, after the disposition of the case by the Supreme Court[.]"

2

(c) Prescribed by the rules of the supreme court.

Consequently, we looked to *People v George*, 399 Mich 638, 640; 250 NW2d 491 (1977). In *George*, the defendant contended that the circuit court lacked jurisdiction to retry him while the prosecutor's application was pending in our Court. *Washington*, 508 Mich at 122. *George* had reasoned that under the court rule in place at the time, " 'jurisdiction . . . was vested in the Court of Appeals, and thus removed from the circuit court' " when the defendant had initially filed an appeal in the Court of Appeals. *Id*. at 123, quoting *George*, 399 Mich at 640. The lower court was not revested with jurisdiction until our Court had resolved the pending application. Therefore, *George* held that the lower court lacked jurisdiction to retry the defendant while the prosecutor's appeal was pending.

In addition to *George*, *Washington* cited *People v Swafford*, 483 Mich 1, 7 n 5; 762 NW2d 902 (2009). There we had reasoned that the trial court did not have jurisdiction to retry the defendant when his application was pending in this Court. In a unanimous opinion, the Court had analyzed a circumstance similar to that here, which involved an interlocutory appeal:

> After the Court of Appeals rendered its first decision, but before this Court vacated that decision, defendant was brought to trial, convicted as charged, and sentenced to life in prison. Defendant should not have been brought to trial at that time. The Court of Appeals decision reversing the trial court's dismissal of charges and remanding the case for trial had not taken effect, because defendant had filed a timely appeal to this Court. MCR 7.215(F)(1)(a). Moreover, during the pendency of a timely appeal to this Court, a Court of Appeals decision remanding to a lower court for further proceedings is automatically stayed, unless the Court of Appeals or this Court orders otherwise. MCR 7.302(C)(5). Neither this Court nor the Court of Appeals ordered further proceedings to begin notwithstanding defendant's timely appeal. *Accordingly, the trial court did not have proper jurisdiction to bring defendant to trial or convict defendant.* [*Id*. at 6 n 5 (emphasis added).]

3

*Swafford* characterized the trial court's holding trial while an interlocutory appeal was pending before our Court as a jurisdictional error. Though *Swafford* was resolved on other grounds, the dictum is persuasive.

> *Washington* applied *George* and *Swafford*
>
> to hold that defendant's appeal from the trial court's 2004 judgment of sentence divested the trial court of subject-matter jurisdiction over those aspects of the case involved in the appeal. When the Court of Appeals rendered its 2006 judgment, which included a remand for resentencing, jurisdiction remained with the appellate courts until this Court's disposition of defendant's application for leave to appeal the Court of Appeals' judgment. The trial court accordingly lacked subject-matter jurisdiction when it resentenced defendant before this Court rendered a decision regarding defendant's appeal. [*Washington*, 508 Mich at 126-127 (citations omitted).]

Thus *Washington* held that when the trial court violated a stay and held trial despite a pending final appeal in this Court, the trial court lacked subject-matter jurisdiction.

*Washington* and *George*, the two opinions in which discussion of jurisdiction is not dicta, involved appeals of final orders. By contrast, the instant case involves an interlocutory appeal. However, I do not believe that this difference merits reaching a different conclusion in this case. The pending appeals in *Washington* and the instant case look essentially identical and function in largely the same way—as the majority in this case notes, in both *Washington* and here, there was a stay in place in the lower courts while the appeal was pending in this Court. See MCR 7.305(C)(6)(a) ("If the Court of Appeals decision is a judgment under MCR 7.215(E)(1), an application for leave to appeal stays proceedings on remand unless the Court of Appeals or the Supreme Court orders otherwise."). And the trial court consequently lost subject-matter jurisdiction over those aspects of the case concerned in the appeal.

4

The majority contends that *Washington* is inapplicable because Const 1963, art 1, § 20, provides a defendant with an "appeal as a matter of a right," i.e., a final appeal, whereas a defendant is not constitutionally entitled to an interlocutory appeal. I agree. But I do not see why that distinction in the bases for final versus interlocutory appeals has any bearing on whether *Washington* applies. The facts of *Washington* are analogous to those here, and the logic is also applicable.

The majority additionally points to *Gustin v Alpena Circuit Judge*, 285 Mich 189; 280 NW 727 (1938), as evidence that interlocutory appeals are merely a precautionary procedure, in contrast to final appeals, which tend to involve more robust review. Again, I do not disagree. Were we to do away with interlocutory appeals entirely, we could still reverse any erroneous rulings via an appeal of a final order. However, again, I do not see the connection between the generally less important function of interlocutory appeals when compared to final appeals and declining to apply *Washington*. In short, as the Court of Appeals noted here, I too "see no meaningful distinction between this case and *Washington*[.]" *People v Scott (On Remand)*, 343 Mich App 49, 55; 996 NW2d 750 (2022).

The lower court lacked subject-matter jurisdiction over the aspects of the case involved in the appeal when the interlocutory appeal was pending in this Court. By holding trial and admitting the evidence disputed in the appeal, the trial court acted without subject-matter jurisdiction. Consequently, I believe the judgment of sentence that the lower court entered is void *ab initio*. As set out in *Washington*, 508 Mich at 129-130:

> It is a longstanding rule that defects in a court's subject-matter jurisdiction render a judgment void ab initio. *Fox v Bd of Regents of Univ of Mich*, 375 Mich 238, 242; 134 NW2d 146 (1965). Further, this Court has also recognized that courts are bound to take notice of the limits of their authority and act accordingly. . . . See *Attorney General ex rel O'Hara v*

5

*Montgomery*, 275 Mich 504, 510; 267 NW 550 (1936); *Jackson City Bank [& Trust Co v Fredrick*, 271 Mich 538, 544; 260 NW 908 (1935)] ("When there is a want of jurisdiction . . . , the action thereof is void because of its want of jurisdiction, and consequently its proceedings may be questioned collaterally as well as directly.").

Reviewing the admission of the contested other-acts evidence under the harmless-error standard ignores that the trial court's actions in regard to that evidence constituted an error of subject-matter jurisdiction. That error renders the court's decision to admit the evidence void. Consequently, because that decision was void, defendant's conviction must be reversed and defendant is entitled to a new trial.

I understand the qualm that it seems to be a waste of resources to reverse defendant's convictions and order a new trial when our Court denied leave and therefore would have allowed admission of the evidence that was in dispute. Fortunately, though, situations such as that here do not arise with great frequency. While the result in this particular case is unfortunate, a general rule that lower courts lose subject-matter jurisdiction over a case while an appeal pends—whether that appeal is interlocutory or final—encourages overall efficiency and just makes sense. As we noted in *Washington*, while defendant's appeal was pending here, we "had the ability to greatly alter the course of the case . . . ." *Washington*, 508 Mich at 125. Trying defendant while admitting the evidence in dispute in the pending appeal risked necessitating a retrial should our Court have granted leave to appeal and ruled that the evidence should not be admitted. Applying *Washington* to interlocutory appeals is simple and logical, and it avoids the questionable legal gymnastics and dubious distinctions that the majority must make in order to avoid *Washington*'s application here. It is easier to understand and apply a hard-and-fast rule that when there is any kind of pending appeal in this Court, lower courts lose subject-matter jurisdiction

6

over the aspects of the case involved in that appeal, and, if lower courts should take action relating to those aspects of the case despite their lack of jurisdiction, such action is void.[2]

For these reasons, I dissent. I would simply apply *Washington* in this instance and would affirm the Court of Appeals.

Elizabeth T. Clement
Richard H. Bernstein
Kyra H. Bolden

---

[2] I do not consider whether *Washington* should apply to any and all cases involving a pending appeal, for example, if a trial court were to act while an application for interlocutory leave to appeal was pending in the Court of Appeals, but the Court of Appeals in the end chose not to grant the application.